### UNITED STATES v. ERNEST.

(District Court, D. Montana. April 8, 1922.)

No. 3978.

Witnesses ⊜⇒304(4)—Privilege or immunity under Prohibition Act limited to witnesses for prosecution.

Under National Prohibition Act, tit. 2, § 30, providing that no person shall be excused from testifying in any suit or proceeding for its violation on the ground that it may tend to incriminate him, but that any person so testifying shall not be subject to prosecution for or on account of any matter in relation to which he may have testified, the immunity granted is limited to witnesses called and used by the prosecution.

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Martin Ernest. Judgment of conviction.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont., for the United States.

Freeman, Thelen & Frary, of Great Falls, Mont., for defendant.

BOURQUIN, District Judge. This is a trial before the court upon a charge of violation of the National Prohibition Act (41 Stat. 305) in transportation and possession of whisky and gin. The evidence is that of the trial of another defendant and involving the same transaction, wherein this defendant was subpœnaed by plaintiff, and in respect to which he testified upon call by defendant. And it is stipulated that in so far as that circumstance ought to avail him, had he pleaded it in bar, he will be given the benefit of it herein.

Section 30, title 2, of the act, to which defendant appeals, provides that:

"No person shall be excused, on the ground that it may tend to incriminate him or subject him to a penalty or forfeiture, from attending and testifying, or producing books, papers, documents, and other evidence in obedience to a subpœna of any court in any suit or proceeding based upon or growing out of any alleged violation of this Act; but no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing as to which, in obedience to a subpœna and under oath, he may so testify or produce evidence, but no person shall be exempt from prosecution and punishment for perjury committed in so testifying."

The broad and general terms of this section would include defendant's case and afford him a complete defense, provided their literal import be accepted to arrive at legislative intent. Various considerations of statutory construction, however, reject this interpretation, and constrain limitation and control of the section's terms to apply to witnesses for the prosecution only.

The prior law authorizes the prosecution to offer immunity to some persons involved in guilty transactions, if they will testify for the government in prosecution of others likewise involved. Always this policy of immunity has been to serve the prosecution and never the defense. Where numbers are involved in an offense, the advantage is with the defense. As a rule offenders hang together, lest otherwise they hang separately.

This renders more difficult the task of the prosecution to prove guilt beyond reasonable doubt, and because thereof is this policy to aid the prosecution to accomplish justice. It has never been found necessary to likewise aid the defense. The defect in this policy is that, if the offer of immunity be declined, the offeree cannot be coerced to testify, and in consequence often prosecutions fail and justice is defeated. The Prohibition Act interfering with immemorial habits, customs, industry, and commerce, it was obvious more than ordinary difficulty would be encountered in enforcing it. This tending to the further advantage of the defense, it was desirable to counteract it by strengthening the prosecution; and to that end the policy of immunity to incriminated persons who might testify for the prosecution was by section 30 ex-

tended to compel them to testify. If there is any immunity statute that applies to witnesses for the defense, it is unknown to the court. That the general terms of the section does, and so revolutionizes this policy theretofore limited to the prosecution, is unreasonable, not necessary, and does violence to the rule that long-established policy is not to be set aside by general statutes not expressly and necessarily requiring it.

Furthermore the act (section 3, tit. 2) declares it is to be liberally construed to attain its object, viz. prevention of use of intoxicating liquor for beverage purposes, and evidently to construe section 30 to extend to witnesses for the defense would tend to defeat this object, tend to absurd results, and to defeat justice. To illustrate: A. and B., jointly accused and tried, each could refrain from testifying for himself, but could subpœna and call the other, both testify as witnesses only, and the case would end in dismissal as to both, a judicial farce. Or of six involved, one known, accused, and tried could subpœna and call the others, and confer upon them an immunity bath. The settled law rejects construction involving absurd and unjust consequences, if any other construction be reasonably possible. The literal import of merely general terms will be controlled and limited to avoid results of that character, and to that end it will be presumed that the Legislature intended exceptions to be inferred. See Holy Trinity Church v. U. S., 143 U. S. 460, 12 Sup. Ct. 511, 36 L. Ed. 226; Suth. Stats. §§ 246, 321; Potter's Dwarris, c. 5; Endlich, Stats. §§ 25, 245, 258, 264.

The presumption, sometimes a violent one, is that the Legislature avoids absurdity and injustice. Defendant's case is not bettered by reason of the fact that the government subpœnaed him, for it did not call him. Called by the defense, he voluntarily testified. His case is not within the statute. From the evidence it appears he is guilty as charged, and such is the finding of the court.

In view of the peculiar circumstances, and that they may have misled him (though without his testimony his guilt is clearly established), the sentence and judgment are that he be fined in the sum of $100, imprisoned in the jail of Cascade county, this state, until the fine is paid or he be otherwise discharged, and costs.