STATE, RESPONDENT, *v.* ARCHAMBAULT, APPELLANT.

(No. 5,600.)

(Submitted January 9, 1925. Decided February 4, 1925.)

[232 Pac. 1107.]

*Intoxicating Liquors—Unlawful Possession and Sale—Witnesses —Immunity from Prosecution—Evidence—Sufficiency.*

Intoxicating Liquors—Immunity of Witnesses from Prosecution Extends to State Witnesses Only.
1. The immunity against prosecution for a violation of the liquor laws granted by section 11076, Revised Codes, to one who in obedience to a subpoena has testified in a prosecution against another which arose out of the same transaction on which the charge against him was based, extends only to a witness who testified in behalf of the prosecution, not one who testified for the defense.

Same—Unlawful Possession and Sale—Separate Verdicts and Punishment Warranted by Evidence.
2. Testimony of a witness that he saw defendant dispense intoxicating liquor in his place of business but did not observe that anything was paid for it, and that later in the day he himself purchased liquor from him, was sufficient to justify separate verdicts and punishment for the offenses of unlawful possession and unlawful sale.

*Appeal from District Court, Madison County; Lyman H. Bennett, Judge.*

ED. ARCHAMBAULT was convicted of unlawful possession and unlawful sale of intoxicating liquors and appeals from the judgment. Affirmed.

*Mr. M. M. Duncan,* for Appellant, submitted a brief and argued the cause orally.

Limited to the enforcement of our prohibition law so called, section 11076, Revised Codes of 1921, gives to a person testifying under the conditions therein provided full and complete immunity from prosecution for any crime or offense for which he may have been guilty and which grew out of any transaction or transactions to which he may have testified except he may be prosecuted for perjury, and such is the case, whether the person testifies as others testify or not, and also whether he is

subpoenaed by the state or defendant. The statute makes no distinction in this respect, and the court cannot change it; that is a matter for the legislature. A defendant who is charged with the violation of the liquor law is as much entitled to subpoena witnesses to testify in his behalf as is the state, and the same right to have the sworn testimony of such witnesses go to the jury, and if one of these witnesses perchance is guilty of an offense growing out of the transaction concerning which he is called to testify, he may not be excused on the ground that such testimony will incriminate him, because this statute protects him to the last ditch. Under it the witness may not invoke, through the intervention of the court, the rule that his testimony would incriminate him as it would have the contrary effect. In other words, by giving testimony under such conditions he would become thereby legally innocent. There are certain statutes in the various states, and also in this state to the effect that a witness "is not compelled to testify" where his testimony will incriminate himself. Under such a statute the rule is that a witness himself must refuse to testify, and if after so refusing, he is compelled by the court to do so, his testimony cannot be used against him. Recently the supreme court of Washington decided a case which involved the construction of a statute of that state on this subject, which statute contained the clause "compelled to testify" and the court, after stating in its opinion that the witness testified voluntarily and made no claim upon the ground that his testimony might incriminate him or upon any other ground, said: "In short, he was not compelled to testify; and we are of the opinion that he cannot now claim the immunity provided for in that statute. The statute is specific that he must be compelled to testify. If the statute intended that a person shall be immune from punishment when he shall testify, the word 'compelled' is entirely superfluous. We must assume that the legislature, in passing this act, meant what is said." (*State* v. *Whalen,* 108 Wash. 287, 183 Pac. 130.)

Such a statute as that of Washington wherein words are used such as "compelled to testify" are readily distinguished from provisions contained in section 11076. Under this section, if a witness appears in obedience to a subpoena, he shall not be excused from testifying, but he is immune from prosecution for any offense growing out of any transaction to which he may testify, except that he may be prosecuted for perjury. (See, also, *State* v. *Jack,* 69 Kan. 387, 2 Ann. Cas. 171, 1 L. R. A. (n. s.) 167, 76 Pac. 911; affirmed in *Jack* v. *Kansas,* 199 U. S. 372, 4 Ann. Cas. 689, 50 L. Ed. 234, 26 Sup. Ct. Rep. 73 [see, also, Rose's U. S. Notes]; *Ex parte Hedden,* 29 Nev. 352, 13 Ann. Cas. 1173, 90 Pac. 737.)

The two alleged offenses set forth in the information are so interwoven that they can only constitute one legal offense, and if only one legal offense was committed, the court should have granted the motion to set aside one of the verdicts. Under our statute, the punishment for possession and the punishment for sale of intoxicating liquor is the same. The crimes are of the same nature, and the evidence shows they constitute the same transaction. (31 C. J. 771, 772, par. 330.)

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for the State, submitted a brief; *Mr. Angstman* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 17, 1924, Chris Hansen was tried in the district court of Madison county upon a charge of unlawfully selling intoxicating liquor. At that trial Ed. Archambault, the defendant herein, was subpoenaed as a witness for and testified on behalf of the defendant Hansen. On June 18, when Archambault was brought to trial on an information charging him with the unlawful possession and unlawful sale of intoxicating liquor, it was stipulated, in effect, that the offenses with which he was charged grew out of the same

transaction as the charge against Hansen, with reference to which Archambault had testified on the day immediately preceding. Thereupon counsel for Archambault objected to the introduction of any evidence against his client, but the objection was overruled. At the conclusion of the testimony the same question was raised again by motion for a directed verdict, which motion was overruled. By separate verdicts the defendant was found guilty on each count and separate punishment fixed for each offense. The defendant moved the court to disregard one verdict or the other, but the motion was denied and judgment entered, from which this appeal is prosecuted.

1. Defendant contends that, by reason of the fact that he [1] was subpoenaed as a witness in the Hansen case and under oath testified in that case, he was rendered immune to trial upon either of the counts in the information filed against him, and in support of this contention the provisions of section 11076, Revised Codes of 1921, are invoked. That section reads as follows: "No person shall be excused, on the ground that it may tend to incriminate him or subject him to a penalty or forfeiture, from attending and testifying, or producing books, papers, documents, and other evidence in obedience to a subpoena of any court if [in] any suit or proceeding based upon or growing out of any alleged violation of this Act; but no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing as to which, in obedience to a subpoena and under oath, he may so testify or produce evidence, but no person shall be exempt from prosecution and punishment for perjury committed in so testifying."

This section is a copy, *verbatim et literatim,* of section 30 of Title 2 of the National Prohibition Act (41 Stat. 305 [U. S. Comp. Stats. Ann. Supp. 1923, sec. 10138½q]), and in *United States* v. *Ernest* (D. C.), 280 Fed. 515, the United States district court for the district of Montana construed section 30 above, and held that the immunity granted by it

extends only to witnesses who testify for the prosecution.

In *State* v. *Marchindo,* 65 Mont. 431, 211 Pac. 1093, this court referred to decisions of the federal courts construing sections of the National Prohibition Act, and said: "While recognizing the rule that these decisions are not binding upon this court, their holding and reasoning are persuasive, particularly in view of the fact that the purpose of the enactment of the prohibitory law of this state was to harmonize the enforcement thereof with the federal Act. Therefore the decisions of the federal circuit and district courts will be followed unless it should be made to appear, which has not been done, that they are wrong in reasoning or that to follow them would be violative of some constitutional or statutory provision of our own state."

Section 11076 is section 29 of Chapter 9, Laws of Extraordinary Session of 1921, and that Chapter is to be construed as an entity; the division into sections being a mere matter of convenience. The title to Chapter 9 is: "An Act to restrict the manufacture, transportation, possession, sale and use of intoxicating liquors," *etc.* Section 2 (sec. 11049, Rev. Codes, 1921) declares: "All the provisions of this Act shall be liberally construed to the end that the use of intoxicating liquors as a beverage may be prevented."

Keeping in mind these provisions, and the fact that by the terms of section 11076 the immunity is extended only to the witness who testifies to a transaction concerning an alleged violation of the Act, and we are of the opinion that the conclusion by Judge Bourquin in the *Ernest Case* cannot be assailed successfully.

For the purpose of illustration only: Let us assume that there was a violation of the law on February 29 for which either Hansen or Archambault was responsible, and that upon the trial of Hansen the evidence disclosed that Archambault was solely responsible for the offense. Hansen would have been entitled to an acquittal, and, under the theory advanced by counsel for defendant herein, Archambault could not be

tried for the offense because he testified in behalf of Hansen. Such a construction of the statute, if adopted, would defeat the very purpose of the Act in every instance where two or more persons act together in violating the law, and one assumes the sole responsibility and testifies in behalf of the other or others, and thereafter claims the immunity by reason of the fact that he had so testified. Such a construction of section 11076 would not promote the enforcement of the law or tend to prevent the use of intoxicating liquors as a beverage. We agree with Judge Bourquin that the immunity is extended only to witnesses who testify for the prosecution.

2. While counsel for defendant concedes that the unlawful [2] possession and the unlawful sale of intoxicating liquor may constitute separate offenses, he contends that under the facts disclosed by this record defendant was guilty of only a single offense and subject to only one punishment.

Upon the trial of this cause the witness Small testified that on February 29, 1924, he saw the defendant dispensing intoxicating liquor in his place of business at Laurin but did not observe that anything was paid for the liquor. The witness testified further that later in the same day he purchased intoxicating liquors from the defendant. The evidence was sufficient to justify the separate verdicts and the imposition of punishment for each offense, under the rule announced in *State* v. *Marchindo,* above.

The judgment is affirmed.

*Affirmed.*


MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK and MATTHEWS concur.


MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.