STATE, RESPONDENT, v. SORENSON, APPELLANT.

(No. 5,794.)

(Submitted November 23, 1925. Decided December 8, 1925.)

[241 Pac. 616.]

*Intoxicating Liquors — Illegal Manufacture and Possession — Cumulative Sentences — Passing Sentence and Rendering Judgment—Proper Method.*

Intoxicating Liquors—Passing Sentence and Rendering Judgment—Method Pursued Held Proper.

1. Method pursued by trial judge in passing sentence and rendering judgment in a prosecution for illegally manufacturing and illegally possessing intoxicating liquor where defendant was guilty upon both counts and waived the statutory time for pronouncing judgment and sentence, examined, *held* to have been in faultless adherence to the provisions of the Code sections and not open to the objection that no judgment was ever made or entered and all that was done was an entry by the clerk in the minute-book that the court did certain things.

Same—Information—Two Counts Based upon One Continuous Criminal Act—Separate Punishments—When Question not Determinable upon Record.

2. Where the record on appeal in a liquor case does not contain the evidence and from an inspection of the information it is impossible to determine whether the two counts therein—illegal manufacturing and illegal possession—were based upon one continuous criminal act, the supreme court is not in a position to determine whether the court erred in imposing a separate punishment for each offense, since the evidence may have shown that defendant was properly found guilty on each count.

Same — Punishment — Fine and Imprisonment — Cumulative Sentences — Judgment Upheld as Against Contention of Uncertainty.

3. Defendant was found guilty of two counts of the information charging violations of the liquor law and the judgment provided in each instance that he be imprisoned in the county jail for a certain number of months and pay a fine in a given amount, and that if the fine be not paid he be confined in the county jail one day for each two dollars of the fine, adding "such confinement for nonpayment of said fine shall not be concurrent with the sentence of imprisonment but shall be in addition to such sentence of imprisonment." It then provided that the sentences of imprisonment and the orders for confinement for nonpayment of fines for the 'conviction on both counts should "not be concurrent with one another, nor shall either of said imprisonments or confinements be concurrent but each shall be in addition to the others." *Held*, that the judgment was not void for uncertainty for the alleged reason that it was impossible to determine therefrom the order in which the cumulative sentences were to be served.

Criminal Law, 16 C. J., sec. 3082, p. 1307, n. 3; sec. 3108, p. 1320, n. 5; 17 C. J., sec. 3459, p. 168, n. 91 New.

[75 Mont. 30.]

*Appeal from District Court, Beaverhead County; Lyman H. Bennett, Judge.*

MARTIN SORENSON and RICHARD SCHWAB were convicted of unlawfully manufacturing and unlawfully possessing intoxicating liquor. Defendant Sorenson appeals from the judgment. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Smith & Kelly* and *Mr. W. J. Cushing,* for Appellant.

When the defendant is called for arraignment for judgment and at the time judgment is rendered, among other things, the court must apprise him that the following things happened, and the same should be recited in the judgment, to-wit: That an information was filed, and whether by leave of court or after hearing, as well as the nature of the charge against him; that he was tried at a regular or special term of court duly convened; that the jury was impaneled and sworn. (Sec. 12064, Rev. Codes 1921; *People* v. *Gray,* 261 Ill. 140, 49 L. R. A. (n. s.) 1215, 103 N. E. 552; *People* v. *Johnson,* 88 Cal. 171, 25 Pac. 1116; *McCormick* v. *State,* 66 Neb. 337, 92 N. W. 606; *Dodge* v. *People,* 4 Neb. 220; *Bartlett* v. *State,* 28 Ohio St. 669.) These requirements are usually mandatory. (*People* v. *Walker,* 132 Cal. 137, 64 Pac. 133; *McCormick* v. *State,* 66 Neb. 337, 92 N. W. 606.) The minute entry here fails to show that any of these things were done.

Separate offenses charged in one information, when committed at the same time and parts of one continuous criminal act, inspired by the same criminal intent, are susceptible of but one punishment. (8 R. C. L. 233; *Munson* v. *McClaughry,* 198 Fed. 72, 42 L. R. A. (n. s.) 302, 117 C. C. A. 180; *Stevens* v. *McClaughrey,* 207 Fed. 18, 51 L. R. A. (n. s.) 390, 125 C. C. A. 102.) And a judgment imposing separate punishments, running consecutively, is erroneous and void. (*Parker* v. *People,* 97 Ill. 32; *Mertz* v. *People,* 81 Ill. App. 576;

*State* v. *James*, 63 Mo. 570; *Yeoman* v. *State*, 81 Neb. 244, 115 N. W. 784; *People* v. *Dunn*, 90 N. Y. 104, 27 Hun, 272; *State* v. *Darling*, 77 Vt. 67, 58 Atl. 974.)

Mr. L. A. Foot, Attorney General, and Mr. E. E. Collins, Special Assistant Attorney General, for the State.

That a formal judgment is not necessary, and that the entry made in the docket by the clerk or judge at the time of passing sentence is sufficient, is well settled. (*People* v. *Wignall*, 56 Cal. App. 423, 205 Pac. 881; *People* v. *Sapienzo*, 60 Cal. App. 626, 213 Pac. 274; *McIntyre* v. *Northern Pac. Ry. Co.*, 58 Mont. 256, 191 Pac. 1065.) Statements made by the court prior to judgment, although necessary as preliminary to pronouncing judgment, are no part of the judgment pronounced. (*People* v. *Murback*, 64 Cal. 369, 30 Pac. 608.) The conviction or ac- quittal of a person tried for crime is accomplished by the verdict, not by the judgment. (*In re Lewis*, 51 Mont. 539, 154 Pac. 713.) One duly convicted but unduly sentenced is not entitled, on *habeas corpus*, to an absolute discharge from custody, but must be committed for resentence and judgment according to law. (*In re Lewis*, 51 Mont. 539, 154 Pac. 713.)

Substantial compliance with statute relating to arraignment for judgment is sufficient. (*Lee* v. *State* (Ariz.), 229 Pac. 939.) We submit that the record discloses that the court complied faithfully with all of the requirements of section 12064, Revised Codes of 1921. (See, also, *People* v. *Wheatley*, 88 Cal. 114, 26 Pac. 95.)

The court had full power to do just what it did, in imposing a jail sentence and a fine, and compelling defendants to serve in jail one day for each two dollars of the fine, if the fine be not paid. Where an indictment charges two distinct offenses and the defendant pleads guilty or is convicted of both offenses, he may be punished for both, though in such a case the court ought not to pass a general sentence, but should separately assess the punishment for the two offenses. (8 R. C. L., sec. 231.) A sentence which does not specify any time for the imprisonment to commence is not void. The better practice

is not to fix the commencement of the term, but merely to state its duration and the place of confinement, where the statute does not otherwise provide. And the general rule, supported by practically all of the authorities, is that, where not controlled by statute, the date for the beginning of the service of the term of imprisonment, if not fixed in the sentence, will commence to run, when not legally stayed, on the day of sentence. (*Id.,* sec. 230; *Ex parte Gibson,* 31 Cal. 619, 91 Am. Dec. 546.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The information states two counts. In the first the defendants are charged with unlawfully manufacturing beer on or about the eighth day of May, 1925; and in the second they are charged with unlawfully possessing beer on or about the eighth day of May, 1925. Trial was had June 18, and upon [1] that day the jury found them guilty upon both counts, by several verdicts. After the verdicts were received the court fixed June 22, at 9:30 A. M. as the time for pronouncing judgment and the defendants were remanded to the custody of the sheriff. The minutes show that on the morning of June 19 the county attorney, and the defendants with their counsel, came into court. "The defendants waived the time for pronouncing judgment and sentence and asked that sentence be pronounced at once." Thereupon the defendants were informed by the court of the nature of the information filed against them, of their arraignment and pleas of not guilty of the crimes charged in the information, of their trial, and of the verdicts of the jury on the eighteenth day of June, 1925, "finding each and both of the said defendants guilty of the crimes as charged in each and both of the counts in the information." The defendant Sorenson, referred to hereafter as the appellant, was then asked if he had any legal cause to show why the judgment of the court should not be pronounced against him, to which he replied that he had none. No sufficient cause being shown or appearing, thereupon the court rendered judg-

ment on the verdict based upon the first count of the information. It ordered, adjudged and decreed that appellant be punished by imprisonment in the county jail for the term of six months and that he be fined $750, and that if the fine be not paid he be confined in the county jail one day for each $2 of the fine remaining unpaid; ''such confinement for nonpayment of said fine shall not be concurrent with the sentence of imprisonment herein but shall be in addition to such sentence of imprisonment.'' In passing judgment on the verdict based upon the second count the court practically reiterated the language employed in rendering judgment upon the first, except that the imprisonment was fixed at three months in the county jail and the fine at $250. It then provided that the sentences of imprisonment and the orders for the confinement for nonpayment of fines for the convictions on both the first and second counts of the information ''shall not be concurrent with one another, nor shall either or any of said imprisonments or confinements be concurrent but each shall be in addition to the others.'' The appeal is from the judgment.

The record does not contain any of the evidence adduced at the trial. The court instructed the jury that the defendants were charged jointly with two separate offenses against the laws of this state relating to intoxicating liquors, and said that if the evidence warranted they might find the defendants or either of them guilty upon both counts or not guilty upon either or both.

It is urged by counsel for appellant that no judgment was made or entered. They say that ''instead of a judgment we find simply a minute entry by the clerk that the court did certain things.'' As we have seen, when the jury returned its verdicts, the court fixed a time for pronouncing judgment in accordance therewith pursuant to the requirements of the statute. (Sec. 12055, Rev. Codes 1921.) The defendants did not care to await the time fixed by the court but, on the next day after the verdicts were returned, waived time and asked that sentence be pronounced at once. The assertion that the record does not show that court was then in session is denied

by the record. When appellant appeared for sentence, the court proceeded scrupulously as directed by section 12064, Revised Codes of 1921, and when he announced that he did not have any cause to show why judgment should not be pronounced against him, the court thereupon rendered it in accordance with section 12066. When the judgment was rendered the clerk entered the same in the minutes, and so far as we are advised, made up the judgment-roll as prescribed in section 12074, Revised Codes of 1921; the copy of the judgment referred to in that section is a copy of that which the clerk is required to enter in the minutes. From an inspection of the record it seems to us that the method pursued by the court in passing sentence and rendering judgment in this case was faultless. (8 R. C. L. 231.)

But it is insisted that the judgment is erroneous because [2] "it carries separate punishments for separate charges in the information based on the same criminal act." But here, as in *State* v. *Marchindo,* 65 Mont. 431, 211 Pac. 1093, whether each offense grew out of the same act or transaction cannot be told from the information. In the absence of evidence we cannot say that the two counts of the information were based upon one continuous criminal act. So far as we are apprised, appellant may have been in possession of a barrel of beer on or about the 8th day of May, 1925, in addition to that which he was manufacturing on or about that date. What is said in the *Marchindo Case* on this subject need not be repeated here; and see *State* v. *Archambault,* 72 Mont. 259, 232 Pac. 1107.

Nor is there merit in appellant's contention that the [3] judgment is void for uncertainty for the reason that the order in which the cumulative sentences are to be served cannot be determined therefrom. The court separately assessed the punishment for the two offenses as was proper. (8 R. C. L. 233.) In all cases where a person has been convicted of two or more crimes before sentence has been pronounced upon him for either, the court with propriety may specify in its judgment that the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the

termination of the first term of imprisonment to which he shall be adjudged, in accordance with the provisions of section 11596, Revised Codes of 1921. The practice is commended. But in the instant case, in view of the very specific provisions of the judgment, that course was not necessary.

The requirements of this judgment are plain enough; the sheriff receiving a certified copy thereof (sec. 12087, Rev. Codes 1921) would not be in doubt as to how to execute it; his duty would be to imprison the appellant for definite cumulative terms, and in default of the payment of the fines continue appellant's confinement "for the period of one day for each $2 of said fine remaining unpaid." (Mr. Justice Galen, in *Ex parte Pyle*, 72 Mont. 494, 234 Pac. 254; *In re Kirby*, 76 Cal. 514, 18 Pac. 655; *In re Mann*, 192 Cal. 393, 220 Pac. 305.)

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.