Com. of Pa. ex rel. Magilner, Appellant, v. Magistrate Hamburg et al.

222

Argued October 27, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Samuel W. Salus* and with him *Herbert W. Salus,* for appellant, cited: Commonwealth v. Jester, 256 Pa. 441; Commonwealth v. O'Keefe, 298 Pa. 169.

*John A. Boyle, Assistant District Attorney,* and with him *John Monaghan, District Attorney,* for appellee,

cited: United States v. Earnest, 280 Federal Reporter 515.

OPINION BY GAWTHROP, J., January 28, 1932:

Joseph Magilner was charged before Magistrate Hamburg of the City of Philadelphia with the offense of illegal possession of intoxicating liquor. After a hearing he was held to answer in the court of quarter sessions and was committed to jail. He sued out a writ of habeas corpus and, after hearing, was remanded to prison. He appeals from the last mentioned order and was admitted to bail pending the disposition of his appeal.

The material facts are these: Appellant was in possession of premises No. 5203 Berks Street, Philadelphia. On March 2, 1931, Magistrate Hamburg issued a warrant to search these premises for intoxicating liquor. Armed with this warrant the officer went to the premises about 11 P. M., on that day and seized a great quantity of intoxicating liquors. At the time of the seizure appellant was not present, but his adult son, Alvin, was present. The son was arrested on the charge of illegal possession of intoxicating liquors, and a hearing in his case was held before Magistrate Hamburg at the station house on the morning of March 4, 1931. The hearing was not concluded at the station house but, at the request of counsel for the defendant, was continued to a later hour in the morning in order that defendant's counsel could produce witnesses in his behalf. Counsel for the defendant, Alvin Magilner, caused a subpoena to be issued by the magistrate for appellant to testify for his client and had it served. The subpoena set forth that appellant was to testify "on the part of plaintiff." But it is an admitted fact that the Commonwealth did not cause the issuance of this subpoena and did not call appellant as a witness. At the adjourned hearing appellant was called by

counsel for his son and testified that the liquor seized belonged to him, and that it was in his possession. In the meantime, prior to the adjourned hearing, the magistrate, on information of a police officer, had issued a warrant for the arrest of appellant for illegal possession of intoxicating liquor. After the conclusion of the second hearing in the son's case his counsel, who manifestly was also representing the father, appellant, and had learned that the magistrate had issued a warrant for appellant's arrest, suggested that appellant leave the magistrate's office in order that the warrant of arrest might be served outside of the magistrate's office, and that appellant could be brought in for an immediate hearing. This was done, defendant was arrested on the street, a hearing was held, and appellant was bound over to court and committed to jail.

The principal question presented for our determination is whether under the terms of Section 14 of the Act of March 27, 1923, P. L. 34, generally known as the Snyder Act, appellant was immune from prosecution for the offense of possessing intoxicating liquors in violation of that act.

Section 14 of the act provides: ''No person shall be excused, on the ground that it may tend to incriminate him or subject him to a penalty or forfeiture, from attending and testifying, or producing books, papers, documents, and other evidence, in obedience to a subpoena of any court in any suit or proceeding based upon, or growing out of, any alleged violation of this act; but no natural person shall be prosecuted or subjected to any penalty or forfeiture for, or on account of, any transaction, matter, or thing as to which, in obedience to a subpoena and under oath, he may so testify or produce evidence; but no person shall be exempt from prosecution and punishment for perjury committed in so testifying.''

The contention made in appellant's behalf is that, since he had testified in obedience to a subpoena, in the proceeding against his son for a violation of the act, he had an amnesty, by Section 14 of the act, from liability for any offense that was connected with the matter or transaction as to which he testified; or at least every offense toward the discovery of which his testimony led up. We have been unable to come to such a conclusion. The obvious purpose of this section of the act was to make evidence available and compulsory *for the Commonwealth* that otherwise could not be obtained. This section of the act follows the language of Section 30, Title 2, Chapter 85 of the National Prohibition Act and the Volstead Act. It has been held that such a provision amounts to an act of general amnesty which secures the witness immunity from prosecution on account of any matter concerning which he testified *in aid of the prosecution*, and operates as a pardon for the offense to which it relates, and therefore is not in conflict with the 5th amendment to the Constitution of the United States which declares that no person "shall be compelled in any criminal case to be a witness against himself." See Brown v. Walker, 161 U. S. 591, 40 L. Ed. 819. In that case the court said that it is a "familiar rule that where one state adopts the laws of another it is also presumed to adopt the known and settled construction of those laws by the courts of the state from which they are taken: Cathcart v. Robinson, 5 Pet. 264, 280; McDonald v. Hovey, 110 U. S. 619."

In U. S. v. Moore et al., 15 Fed. (2d) 593, pleas in bar were entered by defendants on the ground that having, in obedience to a subpoena, given testimony useful for the Government in another case they were entitled to immunity from prosecution by virtue of the provisions of Section 30, Title 2, Chapter 85 of the National Prohibition Act. The court said: "The pur-

pose (of the statute) is perfectly apparent. It is to enable *the Government* by subpoena to compel a witness to testify in a case based on or growing out of an alleged violation of the Volstead Act, whether he is willing to do so or not; and it guarantees his immunity from prosecution not only for what he testifies to but for any violation by him of the act that the Government may ferret out by reason of the testimony that he gives."

In Brady v. United States, 39 Fed. (2d) 312, the same interpretation was placed upon the Federal statute. In that case Neal Brady, William Brady and James Kinney were indicted on counts charging violations of the National Prohibition Act. During the trial of the case William Brady and Kinney were subpoenaed by Neal Brady as witnesses in his behalf and were called by him to testify in his behalf. Thereupon, they objected to testifying and claimed their constitutional privilege, on the ground that their testimony would tend to incriminate them. Their objections were sustained by the district court. The ruling was assigned as error, on the theory that under the provisions of the National Prohibition Act, above referred to, a witness subpoenaed is not excused from testifying on the ground that it may tend to incriminate him or subject him to a penalty or forfeiture. The circuit court of appeals held that the ruling was correct, and stated: "Literally construed this section does apply to all witnesses subpoenaed to testify with reference to any alleged violation of the prohibition laws, but we are clear that properly construed it applies only to witnesses subpoenaed by the Government."

In United States v. Ernest, 280 Fed. 515, it was held that the amnesty granted by the National Prohibition Act under consideration was limited to witnesses called and used by the prosecution, the court stating that

it knew of no immunity statute that applies to witnesses for the defense.

With the reasoning of these decisions we are wholly in accord. Therefore, we are forced to conclude that Section 14 of our statute grants immunity only to those witnesses who testify for the Commonwealth in obedience to a subpoena issued in its behalf. Such a construction of the act is in harmony with the provisions of Section 1 to the effect that all of its provisions shall be liberally construed for the accomplishment of its purpose to protect the public welfare of the people of the Commonwealth. The construction contended for by counsel for appellant would lead to absurd results and defeat justice. This would be the consequence in this case if we adopted appellant's views as to the proper construction of the 14th section of the statute, for he would escape prosecution and punishment by having himself subpoenaed to testify for the defendant in a case in which, by his own voluntary testimony, he is the real offender.

It is contended in behalf of appellant that the effect of construing Section 14 as applying only to witnesses called and used by the Commonwealth results in making it violative of Section 9 of the Bill of Rights of our State Constitution, which provides, inter alia, that "in all criminal prosecutions the accused hath a right ...... to have compulsory process in obtaining witnesses in his favor, etc." It is urged also that such a construction of the act as results in granting immunity to the Commonwealth's witnesses without granting like immunity to witnesses called by the defendant amounts to a denial of the equality of rights guaranteed by the 14th Amendment of the Federal Constitution. The argument fails to impress us as having any merit. The right to have compulsory process for a witness does not deprive the witness of his right to claim his con-

stitutional privilege of refusing to testify to matters which will incriminate him. Amnesty is an act of oblivion, a general pardon of the offenses of subjects against the Government, or the proclamation of such pardon: 29 Cyc. 1560. It is usually exerted in behalf of certain classes of persons, who are subject to trial, but have not been convicted: Knote v. United States, 95 U. S. 149. But it is not confined to cases of this character. No authority has been presented, and we have found none, which holds that any of our constitutional guaranties are violated by an act of assembly which in effect grants an amnesty to those persons who are compelled by statute to give testimony in behalf of the Commonwealth, which tends to incriminate them, and exempts such a witness from prosecution on account of any transaction to which he may testify. But there is ample authority to the contrary. See Brown v. Walker, supra, and cases there cited. Further discussion is unnecessary.

The appeal is dismissed.