222 So.2d 757 (1969)
STATE of Florida, Plaintiff,
v.
James Leslie SCHELL and John Mitchell, Defendants.
No. 69-159.
District Court of Appeal of Florida. Second District.
May 7, 1969.
Rehearing Denied June 11, 1969.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., Tallahassee, for the State.
Eli S. Jenkins and C.J. Abernathy, of Jenkins, Abernathy & Dugan, St. Petersburg, for defendant Mitchell.
John L. Riley, of Riley, Davis, Schowe & Saltsman, St. Petersburg, for defendant Schell.
LILES, Chief Judge.
The following question has been certified to this court pursuant to F.A.R. 4.6, 32 F.S.A.:
MAY A DEFENDANT IN A CRIMINAL CASE REQUIRE THE TESTIMONY OF A WITNESS IN HIS BEHALF UNDER § 932.29 FLORIDA STAUTES AND THEREBY CREATE IMMUNITY IN THE SAME MANNER AS MAY THE STATE?
*758 This question arises because codefendants Schell and Mitchell have been charged with maintaining a gambling house. They each entered a plea of not guilty and, shortly prior to trial, they each moved the court to take the deposition of the other pursuant to RCrP 1.220(f), 33 F.S.A. Each was represented by separate and privately employed counsel. The court granted the motion and advised each of the defendants that his own counsel would advise him of his rights at the taking of the deposition.
As the depositions were being taken each defendant asserted his constitutional right not to incriminate himself and refuse to testify. Each defendant was then read Fla. Stat. § 932.29 (1967), F.S.A., Florida's immunity statute which relates to the crime of gambling and others, and then proceeded to testify on advice of counsel.
Immediately following the above each defendant moved for dismissal of the pending charge on the ground that each was then immune from prosecution by virtue of Fla. Stat. § 932.29 (1967), F.S.A. They now argue that this immunity cannot be conferred solely when the prosecution requests, but is available at the instance of the defense as well. They contend it is the legislature which creates this immunity and not the prosecution, and therefore whenever one purports to testify under the cloak of this statute it makes no difference who has called him to the stand.
The defendants are correct when they say that the legislature is the one which creates the immunity by means of this statute, but they are wrong in their belief that the defense may invoke its provisions.
While the statute does not expressly limit itself to utilization by the prosecution instead of the defense, it is abundantly clear that this is what was intended. In fact, the very purpose for its enactment was to aid the state in the prosecution of crimes often involving a concert of action which by their nature usually cannot be successfully prosecuted without testimony of persons who may themselves be involved. State ex rel. Mitchell v. Kelly, Fla. 1954, 71 So.2d 887. In this manner the state may elect to immunize one offender from prosecution in order to secure the conviction of another, and this statute should be liberally construed to accomplish that purpose. State ex rel. Reynolds v. Newell, Fla. 1958, 102 So.2d 613; State ex rel. Johnson v. MacMillan, Fla.App. 1967, 194 So.2d 627; Lewis v. State, Fla.App. 1963, 155 So.2d 841.
We know of no Florida court that has passed upon the question certified to this court. However, several other jurisdictions have answered the question and no jurisdiction with an immunity statute similar to ours holds that a defendant may invoke its provisions.
The first major case passing on this issue was United States v. Ernest, 280 F. 515 (D.Mont. 1922). It involved a prosecution under the National Prohibition Act and involved an immunity statute which in all pertinent parts was identical to Fla. Stat. § 932.29, F.S.A. In answer to the question involved in this case the court said:
"[T]o construe [the immunity act] to extend to witnesses for the defense would tend to defeat this object, tend to absurd results, and to defeat justice. To illustrate: A. and B., jointly accused and tried, each could refrain from testifying for himself, but could subpoena and call the other, both testify as witnesses only, and the case would end in dismissal as to both, a judicial farce. Or of six involved, one known, accused, and tried could subpoena and call the others, and confer upon them an immunity bath. The settled law rejects construction involving absurd and unjust consequences, if any other construction be reasonably possible. The literal import of merely general terms will be controlled and limited to avoid results of that character, and to that end it will be presumed that the Legislature intended exceptions to be *759 inferred. See Holy Trinity Church v. United States, 143 U.S. 457, 460, 12 S.Ct. 511, 36 L.Ed. 226; Suth. Stats. §§ 246, 321; Potter's Dwarris, c. 5; Endlich, Stats. §§ 25, 245, 258, 264.
"The presumption, sometimes a violent one is that the Legislature avoids absurdity and injustice. Defendant's case is not bettered by reason of the fact that the government subpoenaed him, for it did not call him. Called by the defense, he voluntarily testified. His case is not within the statute." 280 F. at 517.
Likewise, the Mississippi Supreme Court in 1924 had this to say:
"We hold the purpose of the statute in question was to afford the state additional means of enforcing the prohibition laws. The Legislature did not have in mind the furnishing of immunity to witnesses testifying on behalf of defendants charged with violations of the prohibition laws, but rather the better enforcement of such laws by giving the state the right to pardon witnesses in consideration of their testimony on behalf of the state. If the construction of this statute contended for by appellant were adopted, the evils which would flow therefrom are apparent. To illustrate: Any number of persons conspiring together and violating the prohibition laws could get immunity from prosecution by inducing one of their number on trial to place all the others on the witness stand as witnesses on his behalf. The result would be immunity for all such witnesses. Until the Legislature plainly so provides by statute the court shall avoid any such results." Turnage v. State, 134 Miss. 431, 99 So. 9, 10.
See 22 C.J.S. Criminal Law § 46b(5) (1961) and cases cited therein.
Clearly, to construe Section 932.29 as defendants request would lead to an absurd result. This statute was intended to aid the prosecution, not frustrate it. We are compelled to construe this statute in a manner which avoids this unreasonable and absurd result, and in so doing we adhere to the rule of statutory construction that a statute must not be construed to bring about an unreasonable or absurd result and that a statutory provision should be construed to effectuate the intention of the legislature in enacting the statute. Johnson v. State, Fla. 1956, 91 So.2d 185; State ex rel. Florida Industrial Commission v. Willis, Fla.App. 1960, 124 So.2d 48; Sharon v. State, Fla.App. 1963, 156 So.2d 677.
This case presents a perfect example of this absurdity. Each codefendant alternatingly attempted to confer immunity on the other. Now each, having confessed his own wrongdoing, claims that he is free from the reach of the law and that the prosecution is powerless to prevent this from occurring. If this were true it is conceivable that the state could never convict one who committed one of the crimes enumerated in Fla. Stat. § 932.29, F.S.A., along with another. As long as more than one defendant were involved each could immunize the other from prosecution. This, however, is not the law.
The certified question must therefore be answered in the negative.
MANN and McNULTY, JJ., concur.