[Crim. No. 813. Third Appellate District.—August 12, 1924.]

In the Matter of the Application of CHAS. COLFORD for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — ROBBERY — DEGREE OF CRIME — UNCERTAINTY — VOID JUDGMENT AND VERDICT.—In a prosecution for the crime of robbery, where the defendant is found guilty, but neither the verdict nor the judgment determines the degree of the crime, such verdict and judgment are void for uncertainty.

[2] ID.—PLEADING—INFORMATION—JUDGMENT.—In a prosecution for the crime of robbery, where the information follows the language

---

1. See 8 Cal. Jur. 406.
2. See 14 Cal. Jur. 23; 14 R. C. L. 185.

of section 211 of the Penal Code it is sufficient to support a conviction of either degree of the crime as defined by section 211a of said code.

[3] Id.—Illegal Imprisonment—Habeas Corpus—New Trial.—In a prosecution for the crime of robbery, where the defendant is found guilty, but the verdict and the judgment are void for uncertainty, in not determining the degree of the crime, the imprisonment of the defendant in the state prison is illegal; but he is not entitled, on *habeas corpus*, to be set at liberty but he must be tried anew.

(1) 16 C. J., p. 1109, sec. 2600, p. 1321, sec. 3111.　(2) 31 C. J., p. 719, sec. 268.　(3) 28 C. J., p. 48, sec. 40, p. 53, sec. 46.

PROCEEDING in Habeas Corpus to secure the release of petitioner from imprisonment in the state prison under a void judgment. Writ granted.

The facts are stated in the opinion of the court.

Arthur J. de Lorimier and Erling S. Norby for Petitioners.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—This is an application for a writ of *habeas corpus*. The petitioner was charged with the crime of robbery, alleged to have been committed as follows:

"The said Chas. Colford, on or about the 22nd day of March, A. D. Nineteen hundred and twenty four . . . did willfully and unlawfully and feloniously and forcibly take from the person, possession, and immediate presence of one Mrs. Ann Barnes, approximately $75.00 lawful money of the United States of America, and of the personal property of another, to-wit: The National Theater's Syndicate, a corporation, which said taking was then and there without the consent and against the will of said corporation and the said Mrs. Ann Barnes, and was then and there accomplished as aforesaid, by means of force used upon and against said Mrs. Ann Barnes, by said defendant, by then and there putting said Mrs. Ann Barnes in fear."

3. Whether defective or void sentence or judgment is basis of plea of former jeopardy, note, L. R. A. 1915A, 526. See, also, 7 Cal. Jur. 943; 8 R. C. L. 141.

The jury returned a verdict of conviction reading as follows:

"We, the jury in the above entitled action do find the defendant Charles Colford guilty of the crime of robbery as charged in the information."

After the usual formal recitals the court rendered judgment:

"That whereas, the said Chas. Colford having been duly convicted in this court of robbery it is therefore ordered, adjudged and decreed that the said Chas. Colford be punished by imprisonment in the state prison of the State of California."

Petitioner did not appeal and he is now confined in the state prison at Folsom. The petition alleges, in effect, that the verdict and judgment are void for uncertainty. It is also alleged that such invalidity was not discovered until after the time to move for a new trial and to appeal had expired. All persons connected with the trial inadvertently overlooked the provisions of section 211a of the Penal Code, enacted in 1923 (Stats. 1923, p. 270), and the amendment of section 213 in the same year (Stats. 1923, p. 271). Those sections read as follows:

"211a. All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree."

"213. Robbery is punishable by imprisonment in the state prison as follows: 1. Robbery in the first degree for not less than five years. 2. Robbery in the second degree, for not less than one year."

Under the indeterminate sentence law it is made the duty of the warden of the state prison to receive every person sentenced to imprisonment therein, "who shall be confined until duly released as provided for in this act; provided, that the period of such confinement shall not exceed the maximum or be less than the minimum term of imprisonment provided by law for the public offense of which such person was convicted. . . . The governing authority of the . . . prison in which such person may be confined . . . shall determine after the expiration of the minimum term of imprisonment has expired, what length of time, if any, such person shall be

confined." (Pen. Code, sec. 1168.) Sections 1157 and 1192 read:

"1157. Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

"1192. Upon a plea of guilty of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree."

[1] It is perfectly clear that the judgment and the verdict are void for uncertainty. Since the jury failed to find the degree of the offense and the judgment, necessarily, follows the language of the verdict in substance, the prison authorities have no means of determining the minimum term of imprisonment to be imposed, whether one year or five.

[2] Respondent contends that the information charges robbery of the second degree only because "nowhere in the information is it charged that the offense was perpetrated by torture or that said Chas. Colford was then and there armed with a dangerous or deadly weapon." In cases of murder, arson, and burglary it has always been held sufficient for the indictment or information to follow the language of the statute defining the crime charged, without alleging the degree thereof or the facts from which the degree might be determined. No reason appears why the same rule should not apply in cases of robbery. The information follows the language of section 211 of the Penal Code, which defines robbery, and is sufficient to support a conviction of either degree of the crime as defined by section 211a.

[3] The verdict and judgment being void, the imprisonment of petitioner in the state prison is illegal. He is not, however, entitled to be set at liberty but he must be tried anew. "Where a verdict is so defective that no judgment can be entered on it, and the defendant fails to have it corrected when rendered, he is considered as consenting to the verdict, and as waiving any objection, including the plea of former jeopardy, to being put again on trial before another jury." (8 R. C. L. 141.) "Because a defendant waives his right by not objecting when an imperfect verdict is rendered, if it is set aside he shall not be discharged but tried anew." (Bishop's New Criminal Procedure, sec. 1016.

See, also, *People* v. *Tong*, 155 Cal. 579 [132 Am. St. Rep. 110, 24 L. R. A. (N. S.) 481, 102 Pac. 263] ; *State* v. *Rover*, 10 Nev. 388 [21 Am. Rep. 745] ; *Mahany* v. *People*, 31 Colo. 365 [73 Pac. 26] ; *Marshall* v. *State*, 73 Tex. Cr. Rep. 531 [L. R. A. 1915A, 526, 166 S. W. 722] ; *State* v. *Bates*, 22 Utah, 65 [83 Am. St. Rep. 768, 61 Pac. 905].)

It is ordered that the warden of the state prison at Folsom deliver the petitioner into the custody of the sheriff of the county of Yuba, to be held by such sheriff pending further proceedings in the cause in the superior court of said county in accordance with the views herein expressed.

Plummer, J., and Hart, J., concurred.