[Crim. No. 2558. Second Appellate District, Division One.—July 19, 1934.]

THE PEOPLE, Respondent, v. OTTO R. SWIFT, Appellant.

8

Otto R. Swift, *in pro per.*, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

HOUSER, J.—By information filed against him, defendant was accused in each of two separate counts of an information of the commission by him of the crime of burglary. In the same information, it was charged that prior to the commission of either of such offenses defendant had suffered two separate convictions of the crime of burglary; which fact, on his arraignment for plea, defendant admitted. Following his conviction on each of the counts of burglary of which he was accused in the instant action, defendant was sentenced as a habitual criminal. After he had been incarcerated in the state prison for a period of more than five years, and while still so imprisoned, he caused to be presented to the superior court a motion by which, in part, he sought to have the minutes of such court corrected so as to show, what he asserted was the fact, to wit, that at the time of his arraignment for sentence for conviction of the two crimes of burglary of which he had been convicted in said court, he was not asked either by the court, or by the clerk, as required by the provisions of section 1200 of the Penal

Code, whether he had "any legal cause to show why judgment should not be pronounced against him". As a part of the same motion, presented at the same time as was the part thereof to which reference just has been had, in substance defendant moved that an order be made by the court by which the judgment theretofore rendered against him be "annulled, vacated and set aside". The ground asserted by defendant for such motion was "that the court exceeded its jurisdiction when it pronounced a judgment without first fully complying with Sec. 1200, Pen. C., and further that in adjudging defendant an habitual criminal it exceeded the jurisdiction it acquired under the particular pleadings, or information, made and filed in this cause". The instant appeal is from an order made by the trial court by which said motion was denied.

Waiving any and all objections which properly may or might be raised respecting the right of defendant to be heard on appeal from the order in question, but considering the suggested error on its merits,—it appears that in the case of *People* v. *Walker,* 132 Cal. 137 [64 Pac. 133], it was held that the provision of section 1200 of the Penal Code, to which attention just has been directed, is mandatory, and that "a substantial compliance therewith is essential, for they affect important rights of the defendant, who, when thus called upon, may show either that he is insane or that there are grounds for a new trial, or for arrest of judgment".

It therefore is indicated by judicial determination that the "legal cause", if any, which defendant might have urged "why judgment should not be pronounced against him" consisted in his making a showing either that he was then insane, that proper grounds existed why he should be awarded a new trial, or for arrest of judgment.

An inspection of the record of the proceedings had at the time when defendant was arraigned for judgment shows that prior to the rendition of such judgment defendant made "a motion for a new trial on the usual statutory ground"; which motion was thereupon submitted to the court without argument thereon by either of respective counsel, and thereupon was by the court denied.

By the provisions of section 1185 of the Penal Code a motion in arrest of judgment is defined, and the grounds

upon which such motion may be founded are specified,— "unless the objection has been waived by a failure to demur", etc. Since by the record herein it is not disclosed that defendant demurred to the information, it must be considered that he waived his right to show any reason in arrest of judgment as a legal cause why judgment should not be pronounced against him. (Secs. 996, 1012, Pen. Code; 8 Cal. Jur., p. 447, and authorities there cited.)

But in addition to the grounds stated in section 1185 of the Penal Code, by the provisions of section 1201 of the same code, as a cause that "may be shown against judgment", on his arraignment for sentence, defendant is entitled to show "that he is insane". However, in his brief herein appellant makes no such claim. In that connection, the record herein shows that immediately preceding the time when defendant was so arraigned, in addition to the motion made by him for a new trial,—on the ground that the verdict of the jury "was not substantiated by the evidence or the law", defendant made a motion "to vacate the judgment". Although it is thus disclosed that defendant made each of the motions to which reference hereinbefore has been had, in his brief herein he says: "But one motion was made. There remained motions for a new trial, and motion in arrest of judgment." But aside from such condition, it is apparent that on a proper presentation of the motion which is the subject of this appeal, had defendant relied upon the possible fact that he was insane at the time when he was arraigned for sentence, he would have been required not only to specify such ground as a foundation for his motion, but also that he furnish evidence of that fact. Since he failed in that regard and does not now urge it as a reason that he either could or would have assigned such cause in arrest of judgment, he neither was at that time, nor is now, injured because he was not afforded an opportunity in that regard.

It is well established in the law of appellate procedure that before an order or a judgment of the lower court will be reversed, the appellant must show not only that error was committed, but as well that because of such error the appellant has suffered in a denial of some substantial right which the law guarantees to him.

In the case of *People* v. *Wademan,* 38 Cal. App. 116 [175 Pac. 791], the case of *People* v. *Walker, supra,* was dis-

tinguished, and it was held that even though on arraignment for sentence all the requirements of section 1200 of the Penal Code were not substantially complied with, still, in accord with the provisions of section 4½ of article VI of the Constitution, unless a "miscarriage of justice" resulted from such condition, the defendant had no real ground for complaint. And in the instant case, assuming (without deciding) the correctness of the claim that error was committed by the trial court, since it appears that defendant availed himself of certain of his rights in the premises, waived others, and now makes no pretense that he suffered any injury by reason of the denial (in effect) of his remaining right, it follows that no sufficient reason is shown why the order from which the appeal is taken should be reversed.

Although not entitled to raise the question on this appeal (*People* v. *Van Buren,* 134 Cal. App. 206 [25 Pac. (2d) 32]), in substance appellant complains that because the information by which he was charged with "prior convictions" contained no allegation that he had "served a term therefor in any state prison" (sec. 644, Pen. Code), the trial court committed error in adjudging him a habitual criminal. But in addition to the lack of right in appellant to have such question determined in the instant appeal, a sufficient answer to such contention is that at the time when judgment was pronounced against defendant the requirement that before he could be adjudged a habitual criminal it must be shown that he had "served a term in any state prison", was not a provision of the statute.

The order from which the appeal is taken is affirmed.

Conrey, P. J., and York, J., concurred.