[Crim. No. 2645.   Second Appellate District, Division One.—January 5, 1935.]

THE PEOPLE, Respondent, v. ERNEST E. MACHEN, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Upon trial before the court without a jury the defendant was convicted of the crime of attempted burglary.  He appeals from the judgment, and "from an order denying a new trial".  The record does not show that there was any motion for a new trial, or any order denying such motion.

As grounds for his appeal from the judgment appellant contends: First, that the evidence was insufficient "to justify the verdict"; and second, that the court erred in

pronouncing judgment on the defendant for attempted burglary in the first degree after the court had found the defendant guilty of attempted burglary of the second degree.

Although the evidence tending to prove the attempted burglary by the defendant is in large part circumstantial, nevertheless the facts established by such evidence were legally sufficient to justify the decision of the court. The charge upon which the defendant was convicted was that he attempted to break into an apartment occupied by one Charles Hast in an apartment house. The evidence showed that some person without permission of the owner had made a small hole through a window screen of the Hast apartment and had pried open the hook which held the screen. There is also testimony that at the time of defendant's arrest on the evening in question he had his hands raised up against the screen of another window farther along in the wall of the building—this being not a window of the Hast apartment. These and other circumstances showing defendant's unauthorized presence on the premises are sufficient to justify the conviction. The excuse offered by the defendant, if believed by the court, might have been a good defense. But the court evidently did not believe that testimony, and its decision on the facts cannot be further reviewed on this appeal.

At the close of the trial on September 26, 1934, the defendant was adjudged guilty as charged, and September 28th was set as the time for pronouncing sentence. The minutes of the case on September 28th contain the following entry: "Defendant waives time for sentence and orally applies for probation. The court finds the crime to be attempted burglary of the second degree." The matter of passing on the application for probation and the pronouncing of judgment were postponed to October 10th, on which date the application for probation was denied and the court found the crime to have been attempted burglary of the first degree. Sentence was pronounced accordingly, as for attempted burglary of the first degree. It is now contended by appellant that when the court made its finding of September 28th, that the crime was attempted burglary of the second degree, and entered its order to that effect, this amounted to an acquittal of the crime of first degree at-

tempted burglary, and that the court was without power thereafter to change that order. We are of the opinion that this contention on behalf of appellant should be sustained. The reporter's transcript (p. 53) indicates that the court was then proceeding upon a wrong assumption concerning its prior order. The defendant's attorney said, ''I believe it was attempted burglary, first degree. I don't quite recall whether you set the degree first or second. The court: I don't either. It was first, it was a dwelling house in the nighttime.'' While this accounts for the error, the real question is one of power of the court at that time to change its decision. Section 1157 of the Penal Code reads as follows: ''Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty.'' We do not find any corresponding statutory rule with respect to trial by the court without a jury, except the provision in section 1192 of the Penal Code, which reads as follows: ''Upon a plea of guilty of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree.'' This provision is mandatory. (*People* v. *Paraskevopolis,* 42 Cal. App. 325, 328 [183 Pac. 585], and cases there cited.) Where the crime charged is divided into degrees the question of degree of the particular crime is one of fact. In the above cited case the court said: ''We are of the opinion, however, after a careful consideration of section 1192, that it is essential in any event, in every case where the crime charged is divided into degrees and a plea of guilty has been interposed to such charge by the accused, that the court, as a prerequisite to the pronouncement of judgment of sentence, should first determine the degree, and that in the absence of such determination in such a case any attempted sentence is illegal and invalid.'' (See, also, *In re Colford,* 68 Cal. App. 308 [229 Pac. 63].) Clearly, if this case had been tried by jury and the jury in rendering its verdict of conviction had found the crime was attempted burglary of the second degree, it could not be maintained that after entry of such verdict the court or jury could thereafter make a new and different finding upon that question. We think that by analogy the same rule should apply when the court in a trial without jury

has found the defendant guilty and has regularly made its order establishing the degree of the crime.

The purported appeal from order denying motion for new trial is dismissed. The judgment is reversed, with the direction that the defendant be brought before the trial court again, to be sentenced for attempted burglary in the second degree.

Houser, J., and York, J., concurred.