[Crim. No. 5805. Second Dist., Div. Two. May 27, 1957.]

THE PEOPLE, Respondent, v. HERBERT R. SMITH et al., Defendants; HIRAM BLAIR, Appellant.

Robert Barnett, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Morris Schachter, Deputy Attorney General, for Respondent.

RICHARDS, J. pro tem.*—Appeal from judgment of conviction by the court, a jury having been waived, of burglary in the first degree, from the verdict and from an order denying defendant's motion for a new trial. The assignments of error are: insufficiency of the evidence, and error of the minute order of judgment reciting a conviction of first degree burglary.

Viewing the evidence most favorably to the respondent, the record discloses that John Rowan and his wife ran a variety store on Vermont Avenue in Los Angeles and about mid-afternoon, May 10, 1956, defendant and another man entered the store and walked to the center of the store, where the cash register was located, and asked Mr. Rowan the location of the dental paste. Mr. Rowan pointed it out and after they stood around that counter for three or four minutes, appellant then asked where to find the Mother's Day cards. Mr. Rowan told them that the cards were at the front of the store and the two men walked to the card counter. In the meantime Rowan stayed near the middle of the store but overheard appellant make some disparaging remark about the quality of the cards. After some discussion between the two men and Mrs. Rowan, Rowan started toward the front of the store where the appellant and his companion were standing and when Rowan was about 6 feet away, they came around the end of the card counter and into the center aisle and at that time appellant's companion was holding a gun and ordered Rowan to go to the rear of the store. Unintimidated, Rowan started towards appellant's companion and as he did so, appellant hit Rowan in the jaw knocking him over onto

---

*Assigned by Chairman of Judicial Council.

the counter. Mrs. Rowan screamed and the two men ran out of the store and were subsequently apprehended.

Clearly, the foregoing evidence is sufficient to sustain the conviction of first degree burglary by reason of the assault on Rowan (Pen. Code, § 460).

■ There is no merit in defendant's contention that the evidence fails to disclose an intent to commit theft. The action of the men loitering near the cash register on the pretense of looking for dental paste; their actions in drawing Rowan to the front of the store by engaging into controversy with Mrs. Rowan about the Mother's Day cards; their simultaneous approach on Rowan, one with a drawn gun, ordering Rowan to the rear of the store; the personal assault by defendant and their subsequent flight justified an inference that defendant's original entry was to commit theft.

■ "The intent or intention [with which a crime is committed] is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. . . ." (Pen. Code, § 21). The element of intent is rarely susceptible of direct proof and must usually be inferred from all the facts and circumstances disclosed by the evidence. "Where the evidence is sufficient to justify a reasonable inference that such intent existed, as in the present case, the verdict may not be disturbed." (*People* v. *Kuykendall,* 134 Cal.App. 2d 642, 645 [285 P.2d 996].)

■ Appellant contends that the judgment of conviction of first degree burglary as entered in the minute order of the clerk is erroneous and must be corrected to show an actual judgment of conviction of second degree burglary. At the conclusion of the trial, the court found the defendant guilty of burglary in the first degree. Defendant's motion for new trial was subsequently denied and thereafter, in arraigning the defendant for sentence the court said "The application for probation in this matter is ordered denied, and it is the judgment and order of this Court that for the crime of burglary . . ., upon which you have been found guilty, which the Court *has fixed as burglary in the second degree.*" (Emphasis added.) Upon completion of the sentence the defendant asked the court, "Is that second degree, or first?" to which the court replied, "*Second degree.*" (Emphasis added.) The clerk's minutes of the judgment of conviction state in part, "*Whereas the said defendant having been duly found guilty in this court of the crime of* BURGLARY (Sec. 459 PC), *a felony, as charged in Count 3 of the information, which the Court*

found to be Burglary in the first degree . . . ." Appellant contends that by reason of the statements of the court in arraigning the defendant for sentence, the judgment of conviction was for second degree burglary, and that the record of the judgment is erroneous. This contention is untenable, as the court has no authority to change the degree of the offense in pronouncing sentence (*People* v. *Superior Court,* 202 Cal. 165 [259 P. 943]; *People* v. *Machen,* 3 Cal.App.2d 499 [39 P.2d 893]). The recital by the court in pronouncing sentence amounted to only a *lapsus linguae,* an erroneous statement of a past act that the degree of the crime had been fixed in the second degree, whereas the court in fact had previously fixed the degree of the crime in the first degree. "The historical statement of facts included in an arraignment for judgment [Pen. Code, § 1200] is by statute made mandatory on the court as a preliminary to pronouncing judgment (citations). Such preliminary statement has been said to constitute no part of the judgment itself (citations), but even though technically it is not a part of the judgment, the judgment is only a part of the proceeding in and by which the respective rights of the State and the defendant are determined. In the case of *Hambrick* v. *State* (1920), 80 Fla. 672 [86 So. 623, 14 A.L.R. 987, at page 989], the Supreme Court of Florida said: 'The entire record may be looked to in ascertaining the offense for which the accused is sentenced, and an erroneous recital or statement of the offense by the court in pronouncing sentence, or of the clerk in recording in the minutes of the proceedings kept by him the judgment imposed, will not vitiate the judgment when the record fully discloses the offense for which the accused was indicted, tried and convicted. In such case the record furnishes a complete protection against another prosecution for the same offense.' " (*In re Basuino,* 22 Cal.2d 247, 250 [138 P.2d 297].) Accord: *People* v. *Becker,* 80 Cal.App.2d 691, 694 [181 P.2d 958]. By parity of reasoning, an erroneous statement of the degree of the offense would come within the same principle. We conclude that in this case there was a judgment of conviction for the offense of burglary in the first degree as shown by the entire record, notwithstanding the erroneous statement by the court in pronouncing sentence. "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial

right.'' (Pen. Code, § 1404.) The mistake of the trial court in erroneously stating the degree of the offense at the time of judgment and sentence neither prejudiced nor tended to prejudice the defendant as the record is clear that he was convicted of burglary in the first degree.

The judgment and order denying motion for a new trial are affirmed. The purported appeal from the verdict is dismissed.

Moore, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 24, 1957.