[Crim. No. 7622. Second Dist., Div. Four. Dec. 19, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. BENJAMIN BROWN, JR., et al., Defendants and Appellants.

Benjamin Brown, Jr., and Abe Marvis Hadnot, in pro. per., for Defendants and Appellants.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of the County of Los Angeles, defendants were charged as follows: in Count I with a violation of Penal Code section 667, petty theft, with a prior conviction of a felony, to wit, grand theft from the person. The information further alleged that defendants had been previously convicted of a prior felony. In a subsequent information filed by the District Attorney defendant Hadnot was charged with a violation of Penal Code section 667, to wit, grand theft from the person. The information further alleged that defendant Hadnot had been previously convicted of a prior felony. The second information No. 234791 against defendant Hadnot was consolidated with the first information filed, being No. 232517 and made Count III of the consolidated informations. On December 6, 1960, defendant Brown withdrew his plea of not guilty and entered a plea of guilty to Count II of the consolidated informations. Defendant Hadnot withdrew his plea of not guilty and entered a plea of guilty to Count III of the consolidated informations. Both defendants admitted the prior convictions, as alleged in the consolidated informations, to be true. The remaining counts of the consolidated informations were continued to the date of probation and sentence

for further proceedings and disposition. On January 6, 1961, defendant Brown was denied probation and was sentenced to state prison for the term prescribed by law. The remaining count against him was dismissed. Defendant Hadnot was denied probation and was sentenced to state prison for the term prescribed by law for the offenses charged in both information No. 232517 and information No. 234291. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. The sentences were ordered to run concurrently. The remaining count against him was also dismissed.

Both defendants appeal in propria persona from the judgments. Defendant Brown made a motion for appointment of counsel on appeal in Division One of the Second Appellate District of this court, to which consideration of this appeal had originally been assigned. On July 5, 1961, that division of this court made the following order: "This court, having considered defendant's application for the appointment of counsel to represent him on the appeal herein, and having made an independent investigation of the record, has determined that it would be neither advantageous to the defendant nor helpful to this court to have counsel appointed. The application is therefore denied. Appellant granted to August 7, 1961, to file appellant's opening brief."

Thereafter, on the 26th day of September 1961 the appeal of this case was transferred to this division. We have determined that it would be neither advantageous to defendant nor helpful to this court to have counsel appointed, in view of consideration given defendant's motion by Division One of this court and our own independent investigation of the record, which also led us to the same conclusion.

Defendants contend that the trial court lost jurisdiction to sentence them to state prison because the statute of limitations barred prosecution of the offenses. This contention is without merit. Penal Code section 800 requires that an information must be filed within three years after the commission of the felony. ██ The statute of limitations begins to run from the actual date the crimes were committed. In the instant case both defendants entered pleas of guilty to felonies occurring within the year 1960 and the informations filed and actions commenced in 1960 were clearly timely.

██ As stated in *People* v. *Geibel*, 93 Cal.App.2d 147, 167 [208 P.2d 743]: "Because the statute of limitations is jurisdictional it follows that a prosecution within the statutory

period specified is an essential element of the offense. A general verdict of guilty as charged, therefore, necessarily includes a finding on this element as it does in reference to the other elements of the offense.''

 Defendants next contend that their pleas of guilty were entered ''on the fact of being misinformed by council [*sic*] and the colaboration [*sic*] of defendants council [*sic*] with the court.''

This contention is unsubstantiated. The record reflects the following proceedings in the trial court:

''THE COURT: *People* versus *Hadnot and Brown.*

''Let the record show that the defendants are present with counsel, and the People are represented by the Deputy District Attorney.

''MR. HALL: Your Honor, the case against the defendants has been consolidated in Department No. 107. Case No. 234,791 was consolidated with Case No. 232,517, as Count 3 of that case.

''THE COURT: Let me get this straight.

''In case No. 234,791, that is Count 3?

''MR. HALL: That is correct.

''THE COURT: And Case No. 232,517, that is Count 1 and 2?

''MR. HALL: That is correct.

''At this time in Case No. 234,791, defendant Brown is prepared to withdraw his plea of not guilty as to Count 2 of the consolidated informations and plead guilty thereto, and likewise defendant Hadnot will withdraw his plea of not guilty to Count 3 and plead guilty thereto.

''THE COURT: Is that what you gentlemen want to do?

''DEFENDANT BROWN: Yes.

''DEFENDANT HADNOT: Yes.

''THE COURT: Is that agreeable to you, Counsel?

''MR. LEAVY: The People will accept those pleas.

''THE COURT: All right, take the plea.

''MR. LEAVY: Benjamin Brown, Jr., is that your true name?

''DEFENDANT BROWN: Right.

''MR. LEAVY: Abe Marvis Hadnot, is that your true name?

''DEFENDANT HADNOT: Yes.

''MR. LEAVY: Now you two gentlemen have discussed this matter with your attorney, and you now desire to withdraw your plea of not guilty and enter a plea of guilty to the various counts of that information, as indicated.

''Is that correct, Mr. Brown?

"DEFENDANT BROWN: Yes.

"MR. LEAVY: Is that correct, Mr. Hadnot?

"DEFENDANT HADNOT: Yes.

"MR. LEAVY: May those not guilty pleas be withdrawn then, your Honor?

"THE COURT: It is so ordered.

"MR. LEAVY: Now, Mr. Brown, you have been charged in Count 2 of the consolidated information of the crime of petty theft with a prior conviction of a felony in violation of Section 667 of the California Penal Code, a felony, on August 11th of 1960, and the prior felony is Grand Theft from the Person in 1953.

"Will counsel waive further reading of the information?

"MR. HALL: It is so waived. We will admit the prior.

"MR. LEAVY: How do you plead to that count in the information?

"DEFENDANT BROWN: Guilty.

"MR. LEAVY: We will accept that plea.

"Now, Mr. Hadnot in Count 3 of the consolidated information, you have been charged with the crime of petty theft with a prior conviction of a felony in Violation of Section 667 of the Penal Code, on October 8, 1960, and the prior felony is Grand Theft from the Person in 1952.

"Will counsel waive further reading of the information?

"MR. HALL: It is so waived.

"MR. LEAVY: Mr. Hadnot, how do you plead to that count in the information?

"DEFENDANT HADNOT: Guilty.

"MR. LEAVY: We will accept that plea.

"MR. HALL: The defendants, and each of them will waive time for sentence, and request leave to file an application for probation.

"THE COURT: Very well, January 6th at 9:00 o'clock.

"MR. LEAVY: May I ask for the record, both you, Mr. Brown and you, Mr. Hadnot, are pleading guilty because you really are in fact guilty and believe yourselves guilty of the offenses?

"MR. BROWN: Yes.

"MR. HADNOT: Yes.

"MR. LEAVY: Neither of you have been offered any promises, or was any force used upon you to get you to plead guilty?

"DEFENDANT BROWN: No.

"DEFENDANT HADNOT: No, sir."

The plea of guilty is an admission of defendants' guilt and every element of the offense charged and is a conclusive admission of guilt. (*People* v. *McDaniels,* 165 Cal. App.2d 283, 284 [331 P.2d 450]; *People* v. *Fritz,* 140 Cal. App.2d 618, 622 [295 P.2d 449].)

Judgment on a plea of guilty is not appealable on the merits. (*People* v. *Rose,* 171 Cal.App.2d 171, 172 [339 P.2d 954].)

The defendants were represented by counsel; were fully advised of their constitutional rights and freely and voluntarily entered pleas of guilty and admitted the prior convictions as alleged in the consolidated information.

Defendants further contend that "section 667 of the Penal Code violates the 13th Amendment of the U. S. Constitution, because it subjects them to involuntary servitude on account of their status and not as punishment for crime." This contention is without merit.

Penal Code section 667 states: "Every person who, having been convicted of any felony either in this State or elsewhere, and having served a term therefor in any penal institution, commits petty theft after such conviction, is punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years."

As stated in *People* v. *Quiel,* 68 Cal.App.2d 674, 680 [157 P.2d 446]: "The statute is not unconstitutional on the theory that it provides for cruel, unusual or excessive punishment. The additional penalty is considered punishment for the last offense. It has been uniformly held that such statutes do not result in punishing one twice for the same offense. It has been determined that the penalty is not unusual, cruel or excessive."

As to defendant Hadnot, although he did not raise the point in his brief, the reporter's transcript reveals he was sentenced on two counts of the consolidated information. This was an error and in his judgment the court correctly sentenced defendant Hadnot as reflected in the clerk's transcript, which indicates that he was sentenced on one count, to wit, Count III of the consolidated information, which is the count to which he entered a plea of guilty, and the remaining counts were dismissed.

We hold that the clerk's records should prevail as stated in *In re Evans,* 70 Cal.App.2d 213, 216 [160 P.2d 551]: "[T]he recital of the proceedings by the clerk of the court, in his minutes thereof, including the order of commitment . . .

should prevail. . . ." (See *People* v. *Smith,* 151 Cal.App.2d 294, 296-297 [311 P.2d 149].)

Judgments are affirmed.

Burke, P. J., and Balthis, J., concurred.