[Crim. No. 8310. Second Dist., Div. Three. Mar. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. TERRANCE CROSS, Defendant and Appellant.

Apple & Cohen, Irving D. Apple and Theodore A. Cohen for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

FORD, J.—The defendant Cross entered a plea of guilty to two counts of an indictment, each count charging the commission of the crime of abortion. (Pen. Code, § 274.) Probation was denied and the defendant was sentenced to be punished by imprisonment in the state prison for the term prescribed by law, the sentences to run concurrently. The remaining counts of the indictment were dismissed insofar as the defendant Cross was concerned. He has appealed from the judgment.

The defendant contends that both he and his counsel were improperly denied the right to address the court prior to the pronouncement of judgment. At the time set for the hearing of the matter of probation and for imposition of judgment, the judge stated that he had read and considered

the report of the probation officer and he inquired if there was any legal cause to show why judgment should not be pronounced. The defendant's counsel answered that there was no legal cause. He then addressed the court at some length upon the subject of the desirability of placing the defendant on probation, ending his statement with the following sentence: "In this regard, the defendant asks the Court for one more chance to prove he is a good citizen and I strongly feel that he would conform to all conditions of probation." After the conclusion of counsel's statement the proceedings which occurred were as follows: "The Court: Thank you, Mr. Apple. I believe I stated that the Court has read and considered the probation officer's report. I believe you said that there is no legal cause? Mr. Apple [counsel for defendant] : That is correct. The Court: It appears from the probation report that this defendant has a criminal record leading back to his army days in 1944 and probation has been attempted without success, and he engaged as one of a ring of abortionists, he being the captain, running ladies in to these doctors for abortions; and all of this for a matter of purely monetary gain. Accordingly, it is the judgment and sentence of the Court—— Mr. Apple: May I make another remark? The Court: No, you have had your chance. It is the judgment and sentence of the Court that the defendant be confined to the State Prison for the term prescribed by law on each of the seven[1] counts, said counts to run concurrently. He is remanded into the custody of the Sheriff, to be delivered by said Sheriff to the custody of the Director of Corrections at the Chino Guidance Center at Chino, California. Bail is exonerated and defendant is remanded into the custody of the Sheriff. Mr. Apple: I was going to ask if the defendant could make a statement of his own prior to the entry of the judgment. The Court: No, that is not usually done. Mr. Apple: I would

---

[1] While the defendant was named in six counts of the indictment, he pleaded guilty to two counts. On the day of judgment, the following occurred with respect to arraignment: "The Court: People versus Terrance Cross. Let the record show the defendant is present with his counsel. The defendant having been found guilty of violation of Section 274 of the Penal Code, this is the time for judgment and sentence. Is further arraignment for the same waived? Mr. Apple: It is so waived." The judge may have meant to use the word "several" instead of "seven" in his statement above quoted. In any event, the defendant bases no contention on the use of the word "seven." In the formal judgment it is set forth that sentence was pronounced as to counts 2 and 4 and that the other counts were dismissed.

like to say on his behalf that the probation report is not entirely accurate and there are allegations in there which contain hearsay upon hearsay. The defendant admitted that which he did, but I don't think it is fair to send him to prison on a report which is not accurate. The Court: Mr. Apple, you have had an opportunity to bring to the attention of the Court any facts which you consider not proper or not accurate in the probation report. The matter was originally set down on January 18th[2] and this is the first time you have mentioned anything about any inaccuracies in this report. The judgment of the Court will stand. That is all there is to it."

In his opening brief the defendant discusses the subject of allocution. ■ Allocution is the formal inquiry by the judge of the defendant as to whether he has any cause to show why sentence should not be pronounced (15 Am.Jur., Criminal Law, § 457; 3 C.J.S. 887; 24 C.J.S., Criminal Law, § 1576; *State* v. *Pruitt* (Mo.) 169 S.W.2d 399, 400; Barrett, *Allocution*, 9 Mo.L.Rev. 115, 232), and provision therefor is made in section 1200 of the Penal Code.[3] (*People* v. *Hawthorne*, 63 Cal.App.2d 262 [146 P.2d 517].)

■ In the present case the inquiry made by the court and the response thereto of the defendant's counsel, as shown in the excerpt from the record hereinabove set forth, constituted a compliance with the law of this state as to allocution. (*People* v. *Guerrera*, 149 Cal.App.2d 133, 136-137 [307 P.2d 940]; see also *In re Turrieta*, 54 Cal.2d 816, 819 [8 Cal.Rptr. 737, 356 P.2d 681].)

■ The defendant asserts that the court should have permitted him personally to make a statement. Reliance is placed on *Green* v. *United States*, 365 U. S. 301 [81 S.Ct. 658, 5 L.Ed.2d 670], a case involving the application of Federal Criminal Rule 32(a) which in pertinent part is as follows: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own

---

[2] As is noted hereinafter, the report of the probation officer was filed in the superior court on January 15, 1962.

[3] Section 1200 of the Penal Code is in part as follows: "When the defendant appears for judgment he . . . must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

Section 1201 of the Penal Code is in part as follows: "He may show, for cause against the judgment: 1. That he is insane; . . . 2. . . . . That he has good cause to offer, either in arrest of judgment or for a new trial; . . ." (See *In re Levi*, 39 Cal.2d 41, 45 [244 P.2d 403].)

behalf and to present any information in mitigation of punishment.'' No such extension of the concept of allocution is found in California and, consequently, the *Green* case is not of aid. (See 24 C.J.S., Criminal Law, § 1573, pp. 507-508.) The defendant Cross was represented by counsel and it was the function of that counsel, rather than of the defendant himself, to address the court on the defendant's behalf. (See *People* v. *Merkouris*, 46 Cal.2d 540, 554-555 [297 P.2d 999]; *People* v. *Horton*, 174 Cal.App.2d 740, 743 [345 P.2d 45]; *People* v. *Glenn*, 96 Cal.App.2d 859, 868 [216 P.2d 457].) It is, of course, within the discretion of the court to permit a defendant personally to speak on his own behalf before judgment is pronounced and it is conceivable that there may be circumstances where the failure to do so may be an abuse of discretion. But the record does not disclose any such abuse in the present case.

This court has read the report of the probation officer.[4] If there was no impropriety in the proceedings which occurred at the time probation was denied, it is clear that the judge did not abuse the wide discretion entrusted to him with respect to the matter of probation. (See *People* v. *Overton*, 190 Cal.App.2d 369, 372 [11 Cal.Rptr. 885].) Consequently, the remaining question is whether the court improperly limited the efforts of the defendant's attorney to speak. The governing rule is that it is within the power and the duty of the court to determine what are the reasonable limits of argument. Such determination must, of course, be made fairly so that the defendant will not be deprived of an appropriate presentation of his cause. (See *People* v. *Don Carlos*, 47 Cal.App.2d Supp. 863, 866 [117 P.2d 748].)

The record shows that the report of the probation officer was filed with the court on January 15, 1962. There is nothing to indicate that the report was not available to the defendant's counsel well in advance of February 9, 1962, the day upon which probation was denied and sentence imposed. Early in the course of his statement addressed to the court on that day, the defendant's attorney said: ''I would like to make a comment in passing. I don't have a copy of the

---

[4]On its own motion this court has had transmitted to it the file of the superior court (see Cal. Rules of Court, rule 12(a)*) so that all of the record which was before the trial judge at the time of the determination of the matter of probation may be considered on this appeal.

*Formerly Rules on Appeal, rule 12(a).

probation report in front of me, so I am testing my memory, but I would like to say this: . . ." He also stated: "In reading Mr. Howard's probation report, and in particular his evaluation and denial of probation, he seemed to predicate that denial primarily upon the fact that the defendant had suffered a prior conviction. That prior conviction was for the possession of one marihuana cigarette in 1953. He received a 3-year probation which he served satisfactorily to the Probation Department. . . . As I see it, he has never attempted to deny his guilt to any party concerned whatsoever, and further, if your Honor will search the record, you will find that he has never committed any crimes of violence and he is not what you would call a menace to society." The complete statement made on behalf of the defendant was about two pages of the transcript in length.

At the time he proceeded to pronounce judgment the trial judge was warranted in assuming that counsel had completed his presentation with respect to the matter of probation. But after the defendant's attorney apparently became aware that probation would not be granted and after judgment had been pronounced, the attorney then asserted that "the probation report is not entirely accurate and there are allegations in there which contain hearsay upon hearsay." ▇ With respect to the matter of hearsay, it was aptly stated in *People* v. *Valdivia*, 182 Cal.App.2d 145 [5 Cal.Rptr. 832], at page 148: "Defendant's third assignment of error is that the probation officer's report included hearsay matter. In considering defendant's criticism it must be borne in mind that the guilt of a defendant is not an issue in a probation officer's report. In this case defendant had pleaded guilty. The purpose of the report is to assist the court in determining whether a defendant should be granted probation and, if so, the terms thereof. . . . ▇ A probation officer could not make an investigation and report of the nature required by Penal Code, section 1203, if restricted to the rules of evidence. Much of the prior record and history of a defendant, as well as the circumstances surrounding the crime, are hearsay and can be investigated and reported upon only by the use of hearsay information. It is clear that Penal Code, section 1203, contemplates the inclusion of hearsay matter in the probation officer's report." (See also *People* v. *Overton, supra,* 190 Cal.App.2d 369, 372.)

▇ If there were inaccuracies in the report of the probation officer, the defendant was not without a remedy which

could have been timely pursued. As stated in *People* v. *Valdivia, supra,* 182 Cal.App.2d 145, at page 148: "Had defendant thought the report insufficient or inadequate he could have presented witnesses to counteract or correct any portion of the report. A defendant has the right to present evidence in mitigation of his punishment or to assist the court in the determination of defendant's application for probation (Pen. Code, §1204; *People* v. *Escobar,* 122 Cal. App.2d 15, 20 [264 P.2d 571])." But in the present case, although the probation report had been on file several weeks, the record does not disclose that the defendant sought to introduce evidence to counteract or correct any portion of the report or, indeed, that any inaccuracy assumed importance in the mind of the defendant's counsel until it became evident that the court had determined to deny probation.

Since the record fails to disclose that it is reasonably probable that a result more favorable to the defendant would have ensued had his counsel been permitted to make a supplemental statement in his behalf, it cannot be said that there has been a miscarriage of justice. (See *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.