STATE OF MONTANA ex rel. VERN BIEBINGER, Relator,
v. ED ELLSWORTH, JR., Warden of the State Peniten-
tiary of the State of Montana, Respondent.

No. 11124.

Submitted May 3, 1966. Decided June 22, 1966.

415 P.2d 728.

Harold Garnaas (argued), Missoula, for appellant.

Forrest H. Anderson, Atty. Gen., Charles M. Joslyn, Asst. Atty. Gen. (argued), Helena, Robert D. Morrison, County Atty. (argued), Havre, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

Petitioner here filed a petition for a writ of habeas corpus with the district court of the Twelfth Judicial District, being represented by counsel, in which he alleged he was not informed of his right to counsel at public expense, that he was an indigent, that he did not know nor was he informed by the district judge as to the nature of the charges against him or the consequences of a guilty plea; that had he known of his rights or had counsel he would have demanded a preliminary hearing and would have demanded time in which to answer the Information; that the presiding district judge did not give him a chance to set forth facts in mitigation; that the district judge failed to make a pre-sentence investigation as provided by section 94-7831, R.C.M.1947; and that the district judge did not inform petitioner, nor was he aware of his right, nor did he waive the appointment of time for Judgment as provided by section 94-7801, R.C.M.1947.

A transcript of that hearing along with the district court file accompanied petitioner's application to this court. The original hearing was held on March 14, 1966. On March 18, 1966, the district court denied and dismissed petitioner's petition finding that the petitioner had failed to prove the allegations of his petition.

On April 13, 1966, petitioner filed a petition for a writ of habeas corpus with this court and the matter was argued by petitioner's counsel and by County Attorney Morrison of Hill County and Charles M. Joslyn of the Attorney General's office for the State of Montana on May 3, 1966.

It appears that petitioner at the time of his arrest was 27 years of age, and employed by the Great Northern Railway Company at $450 per month. He is a high school graduate, had never before been arrested or in any way involved with the law, and was married to a woman who had been married before and there were seven children to support, though the record does not disclose how many children, if any, were children of this marriage.

On October 10, 1962, petitioner was charged by Information with the crimes of attempted rape, and lewd and lascivious act upon a child. The child involved was an eleven year old step-daughter. A complaint was filed in the justice court at Havre and petitioner appeared before Justice of the Peace Stallcup. Bond was set at $5,000 and he was bound over to the district court. Petitioner does not remember whether or not Justice Stallcup told him he had a right to have an attorney. Prior to his appearance in the justice court petitioner gave a statement to the arresting police officers that was reduced to writing and signed by petitioner. He admits that they informed him at that point of the procedure that "he had a right to have an attorney before he talked to them, before he gave them any statement."; that at that time "he knew he had to have an attorney."; that the police officers took him to the county attorney's office where he was again informed of his right to an attorney and

that he was informed of the charges to be filed against him and the nature of those charges; and that he called an attorney but was unable to reach him and that he did not follow up on the call. Petitioner was served with a copy of the complaint filed in the justice court and a copy of the Information. At the time he appeared in district court he had with him, at his request, an officer of the Salvation Army with whom he had consulted on his family affairs and to whom he had requested that an attorney be consulted. However, for reasons that do not appear, the Salvation Army officer either did not or could not secure an attorney to appear.

Petitioner testified that at the time of his arrest he had no immediate funds to secure an attorney and that all his wages from the Great Northern went into rent, food, car payments and family expenses. His landlord was a local attorney. Just before he was arraigned in district court petitioner admits that he conferred with the county attorney in some detail who explained to him that he could have an attorney represent him in court, the nature of the charge against him and that after the explanation of his rights he told the county attorney "he didn't want an attorney at that time."

He was then taken into the district court room where he appeared and was arraigned by District Judge Elwell. The following is a transcript of that proceeding.

"Havre, Montana
"October 10, 1962

"Before: Hon C. B. ELWELL, Judge, without a jury.

"MR. MORRISON: Your Honor, in the State of Montana vs. Vern Biebinger request leave to file an information charging the defendant with Count I, attempted Rape; Count II, Lewd and Lascivious Act upon a child.

"THE COURT: Attempted Rape would be enough.

"MR. MORRISON: Yes, Your Honor, my understanding on the pleading is he can be convicted on one of the two and inasmuch as its a different statement of the same offense.

"THE COURT: Bail is set for the sum of $5,000.00.

"Vern Biebinger having been first duly sworn by the Clerk of the Court, testified as follows:

"BY THE COURT:

"Q. Sir, your true name is Vern Biebinger? A. Yes, sir.

"Q. Do you have a lawyer, Mr. Biebinger? A. No, sir, I have a minister, I just have my minister is all.

"Q. Do you want to have a lawyer before you enter your plea in the case? A. Yes, sir—No, sir.

"Q. Do you understand, that everyone has a right to have a lawyer if they want one? A. I do.

"Q. That is the right given to you. You have a copy of the information of what you are charged with? A. I do, sir.

"Q. Are you ready to enter your plea at this time? A. Yes, sir.

"Q. You have read it over and don't care to have me read it at length to you, do you? A. Well, I haven't read it all, sir, but it don't make no difference.

"Q. You understand that you are accused of the crime on One Count of Attempted Rape and the other with Lewd and Lascivious Act on a Child on the Second Count, you understand that? A. Yes, sir.

"Q. What is you plea? Are you ready to plead now? A. Yes, sir. I would like, before I plead, I would like to ask for leniency and I do plead guilty.

"Q. You plead guilty to the Attempted Rape? A. Yes, sir. I would like to ask for leniency.

"Q. How old are you? A. Twenty-seven.

"Q. Twenty-seven? A. Yes, sir.

"Q. How old was this girl? A. Eleven.

"(By Mr. Morrison:)

"Q. You are younger than your wife? A. Same age, sir. A little bit younger.

"Q. She has an eleven year old child? A. By another marriage.

"Q. It's your step-child? A. Yes, sir.

"THE COURT: Very well, on the First Count I will sentence you to serve in the State Prison at Deer Lodge for a term of 20 years and you will be remanded to the custody of the Sheriff and there will be no sentence on second count as it involves the same transaction.

"THAT IS ALL."

Now, three years later he testified at the habeas corpus proceeding that at the time of his arrest he was under the influence of alcohol, had been taking "stay-a-wake" tablets and that he had not been allowed to put these facts into a statement in mitigation.

■ The only real issue before us is whether the provisions of section 94-7810, R.C.M.1947, are mandatory. If so, did the arraignment of petitioner comply with the provisions of this section? Section 94-7810 read as follows:

*"Arraignment of defendant for judgment.* When the defendant appears for judgment, he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him, and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

■ This statute was taken verbatim from the California Penal Code and first became part of our law when adopted as section 210 of the Bannack Statutes, 1864. For now, over 100 years this court has only twice been called upon to interpret this statute, State v. Sorenson, 75 Mont. 30, 241 P. 616; Kuhl v. Dist. Court, 139 Mont. 536, 366 P.2d 347. Neither case giving illumination to the present issue. In the meantime California has had numerous cases holding that the requirements of this section are mandatory and substantial compliance is required since the statute affects important rights of the defendant who, when arraigned, may show that he is insane or has grounds for

new trial or for arrest of judgment. In re Basuino, 22 Cal. 2d 247, 138 P.2d 297; People v. Swift, 140 Cal.App. 7, 34 P.2d 1041; People v. Cross, 213 Cal.App.2d 678, 28 Cal.Rptr. 918. We concur with the holding of our sister state that the statement of facts included in an arraignment for judgment is mandatory unless waived by the court as preliminary to pronouncing judgment and that such preliminary statement constitutes no part of the judgment itself. People v. Smith, 151 Cal.App. 2d 294, 311 P.2d 149.

The United States Supreme Court in several recent decisions has set forth the criteria necessary in cases such as is here under consideration. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, the court said:

"* * * The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." See also Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733.

It is the duty of the district court to inform the defendant not only that he has a right to counsel, but that if he is without means to employ counsel that counsel would be provided for him by the State without cost to him. Too, it is the trial court's duty in taking a plea to inform the defendant of the extent of the penalty provided by law. The record must also show that the provisions of section 94-7801, R.C.M.1947, as to the period of time between plea and sentence have been complied with.

Considering the very minimum record of the arraignment in light of recent federal cases reviewing the action of state courts in the field of criminal procedure, we find that this record fails to reveal that petitioner entered his plea of guilty with notice and understanding of the charge against him and a full understanding of the consequences of his plea, as is required by our statutes.

In so doing we do not accept the multiple allegations of

his petition as being proven to our satisfaction. Particularly as to lack of counsel. The record discloses that petitioner is a full grown man of 27 years of age with a high school education. We doubt that his plea was caused by ignorance or lack of understanding. The record discloses no duress or fraud being perpetrated against him, rather it shows a county attorney carefully trying to assist the petitioner throughout the proceeding from the time of arrest. However, more than that is required. While the burden of proof is always on the petitioner we find that on this particular record he must prevail due to the failure of the court to carefully set forth in the record each procedural step required by our law.

In this cause on April 18, 1966, this court issued an order setting the matter for oral argument and requiring that a complete record be furnished before further action would be taken on the petition. The records were furnished and argument had. In view of what we have heretofore stated the commitment in the case of State of Montana v. Vern Biebinger is annulled, vacated and set aside; the plea of guilty entered in said cause is annulled, vacated and set aside; and a writ of habeas corpus will be issued in this matter unless, within ten days from the date of this opinion, the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill, shall make and enter an order directing the Warden of the State Penitentiary to forthwith deliver the said defendant to the Sheriff of Hill County, Montana, to be by him returned to Hill County for further proceedings in said criminal action in accordance with the statutes in such case made and provided.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE and ADAIR concur.

MR. JUSTICE CASTLES, dissenting:

I dissent. Upon a plea of guilty to attempted rape of his own eleven year old stepdaughter, a mature, educated, intelligent man, holding a responsible job, after having advice of his

rights, was sentenced to twenty years. Now, almost four years later, after evidence and the possibility of a successful retrial has likely been lost, a technical defect in the record is used as a basis for an order granting a retrial or release on habeas corpus. What I have referred to as a technical defect in the record is made even more obnoxious to my sense of justice since the following two matters appear to me.

First, it is within our judicial knowledge, as evidenced by the Chief Justice's reports and requests to the Montana Judges Association, that in past years, prior to the recent Federal Court decisions in this field, complete verbatim records of arraignments and preliminary matters as well as verbatim records of the sentencing were not kept. Secondly, in this particular case the Court Reporter, who took what record was taken, did not transcribe his own notes; and it is recognized by all parties that the attempted transcription is plainly erroneous in some particulars. Therefore, in view of the time lapse and other attendant circumstances, I would indulge in the statutory presumption that legal duty had been performed. The District Judge involved here is the veteran trial judge in Montana, long known for his careful judicial work. Additionally, these same circumstances indicate that the defendant waived any rights he might have had. I find myself unable to go along in the decision of the majority.