RICHARD CHARLES MORSETTE, Petitioner, v. EDWARD ELLSWORTH, JR., Warden of the State Penitentiary of Montana, Respondent.

No. 11499.

Submitted June 3, 1968. Decided July 1, 1968.

443 P.2d 28.

Larry Elison, Missoula, for petitioner.

Forrest H. Anderson, Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an application for a writ of habeas corpus or other appropriate post-conviction remedy.

. While the petition does not contain a complete recitation of the fact situation prior to the arrest of the petitioner, it is partially set forth in the memorandum of authorities and in the various exhibits annexed to the petition.

It appears that petitioner had been in the juvenile court on one occasion and had been committed to the Industrial School at Miles City. He was paroled from that institution to Helena and through the efforts of the district judge and his chief probation officer he secured a job and requested $100 from the money he had on deposit with the Industrial School from work he had performed during the summer. A check for this amount was forwarded from Miles City and given to the petitioner on or about October 22, 1961.

On October 23, 1961, petitioner, in company with his 15 year old brother, held up and robbed an attendant at a gas service station, at night, at threatened gun point, of the sum of $295. They went to Great Falls, stayed overnight and the next day drove to Big Sandy where they were stopped and arrested by a deputy sheriff. They were taken to the Big Sandy jail and questioned; petitioner's automobile was searched and a bag of money was found which allegedly was money stolen from the gas station. Petitioner was returned to Helena and signed a confession. An Information was filed against him on October 26, 1961, and on a plea of guilty he was sentenced on November 3, 1961, to a term of 10 years in the state penitentiary.

Upon ex parte presentation of the petition by counsel this Court issued an order to show cause which in brief set forth the contentions of petitioner in this language:

"It appears from the petition and supporting papers that the petitioner, when he was 17 years of age, appeared before the trial court and was charged by Information with the crime of robbery, a felony; that upon arraignment he was advised of his right to counsel but waived counsel, entered a plea of guilty and was sentenced to 10 years in the State Prison. Petitioner, an Indian with an eighth grade education, alleges that while he

could read, write and understand the English language he did not fully appreciate the purpose of an attorney nor did he understand the nature of the charges against him or the penalties he might receive; that while he knew he was charged with the offense of robbery and that it was a felony, he did not know what a felony was nor did he know that he might be sent to the State Prison.

"Petitioner alleges the proceedings were defective and deprived him of his constitutional rights in that, among other things, the trial court did not advise him of the consequences of a guilty plea and that his right to counsel under Art. III, Sec. 16 of the Constitution of the State of Montana, and the 6th Amendment to the Constitution of the United States, has been denied him because he did not intelligently and knowingly waive such right."

Respondent appeared by an amended answer and admitted the fact situation insofar as it appeared in the petition, but denied that the proceedings against petitioner were defective or that he was deprived of any constitutionally guaranteed right.

There was no court reporter present at the time of the arraignment and plea. The minute entry of October 26, 1961, reads:

"Upon written motion of the County Attorney, leave was this day granted by the Court to file on Information herein charging the defendant with the crime of Robbery, a felony, and the information was this day filed. Whereupon Defendant answered to his true name. Whereupon, the defendant being without counsel, he was advised of his right to be represented by counsel, and defendant state [sic] to the Court that he was without counsel and desires no counsel. Whereupon, The information was read and a copy given to the defendant, who in answer to a query by the court answered that his true name is Richard Morsette, and entered a plea of 'Guilty'. Whereupon Court fixed Friday, November 3, 1961, as the time for sentencing."

The minute entry of Nevember 3, 1961, reads:

"The County Attorney, with the Defendant, Richard Morsette, came into Court, the Defendant was duly informed, according to law, of the nature of the Information filed against him charging the commission of the crime of Robbery, a Felony, alleged to have been committed on or about the 26th [sic] day of October, 1961, and was duly arraigned, whereupon the Defendant entered his plea of 'Guilty as charged in the Information.' The Defendant was then asked if there was any legal reason why judgment should not then be pronounced and he stated that there was none, whereupon the Court rendered its judgment that:

"IT IS ORDERED, ADJUDGED AND DECREED that the said Defendant be punished by imprisonment in the State Prison of Montana at hard labor for the term of ten (10) years, That the Defendant be remanded to the Sheriff of Lewis and Clark County to be by him delivered into the custody of the Warden of the State Prison for the execution of said judgment."

At the time of sentencing the district judge read a statement and the record contains such statement and shows that a copy was given to the petitioner. However, this statement only recites certain facts within the knowledge of the judge and his observations as to the conduct of the defendant and juveniles in general.

In brief this is the record upon arraignment and plea.

Petitioner in January of this year filed a paper entitled "Motion to Vacate and Set Aside Judgment of Conviction" in the district court of Lewis and Clark County and a hearing was held thereon on January 25, 1968. At that time petitioner was represented by the public defender of Lewis and Clark County. Following the hearing the district court by order of January 31, 1968, denied the motion. On February 4, 1968, petitioner wrote the public defender requesting that an appeal be taken. The district court by order of February 13, 1968, found that

the letter constituted a request for appeal but that carrying forward such an appeal was not properly within the jurisdiction and duties of the public defender and directed that the matter be referred to the Defenders' Project so that they might proceed with the appeal. The Montana Defender Project determined that the questions arising in these proceedings could be handled by way of a petition for writ of habeas corpus, and this original proceeding was instituted.

It is petitioner's contention that the district court (1) failed to advise him of the consequences of a guilty plea and the possible length of a sentence which could be imposed; (2) did not allow petitioner a reasonable time to answer or plead; (3) did not inquire into circumstances in mitigation of punishment; (4) did not hold a pre-sentence investigation under the provisions of section 94-7831, R.C.M.1947; and (5) denied petitioner's right to counsel because petitioner did not intelligently and knowingly waive his right to counsel.

Respondent, as to the first contention, relies on the district court minute entry which states that petitioner "was duly informed, according to law, of the nature of the information filed against him charging the commission of the crime of robbery," as being sufficient and the burden would be on petitioner to prove no such advice was given. As to the fifth contention respondent again asserts that the burden is on the petitioner to prove facts showing that a waiver was not intelligently and knowingly made.

We shall consider these two related contentions first. We have quoted the minute entries relied on by the respondent and we can observe considerable merit in the argument made. However, we recently reviewed a somewhat similar situation in State ex rel. Biebinger v. Ellsworth, 147 Mont. 512, 415 P.2d 728, where it is stated:

"The only real issue before us is whether the provisions of section 94-7810, R.C.M.1947, are mandatory. If so, did the ar-

raignment of petitioner comply with the provisions of this section? Section 94-7810 reads as follows:

" '*Arraignment of defendant for judgment.* When the defendant appears for judgment, he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him, and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him.'

"This statute was taken verbatim from the California Penal Code and first became part of our law when adopted as section 210 of the Bannack Statutes, 1864. * * * [T]his court has only twice been called upon to interpret this statute, State v. Sorenson, 75 Mont. 30, 241 P. 616; Kuhl v. Dist. Court, 139 Mont. 536, 366 P.2d 347. Neither case giving illumination to the present issue. In the meantime California has had numerous cases holding that the requirements of this section are mandatory and substantial compliance is required since the statute affects important rights of the defendant who, when arraigned, may show that he is insane or has grounds for new trial or for arrest of judgment. In re Basuino, 22 Cal.2d 247, 138 P.2d 297; People v. Swift, 140 Cal. App. 7, 34 P.2d 1041; People v. Cross, 213 Cal.App.2d 678, 28 Cal.Rptr. 918. We concur with the holding of our sister state that the statement of facts included in an arraignment for judgment is mandatory unless waived by the court as preliminary to pronouncing judgment and that such preliminary statement constitutes no part of the judgment itself. People v. Smith, 151 Cal.App.2d 294, 311 P.2d 149.

"The United States Supreme Court in several recent decisions has set forth the criteria necessary in cases such as is here under consideration. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, the court said:

" '* * * The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected

the offer. Anything less is not waiver.' See also Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733.

"It is the duty of the district court to inform the defendant not only that he has a right to counsel, but that if he is without means to employ counsel that counsel would be provided for him by the State without cost to him. Too, it is the trial court's duty in taking a plea to inform the defendant of the extent of the penalty provided by law. The record must also show that the provisions of section 94-7801, R.C.M.1947, as to the period of time between plea and sentence have been complied with.

"Considering the very minimum record of the arraignment in light of recent federal cases reviewing the actions of state courts in the field of criminal procedure, we find that this record fails to reveal that petitioner entered his plea of guilty with notice and understanding of the charge against him and a full understanding of the consequences of his plea, as is required by our statutes."

We then went on in our opinion in the Biebinger case to observe that we did not accept the multiple allegations of the petitioner there as being proven to our satisfaction, such as lack of counsel or lack of understanding; and we further stated that while the record disclosed no duress or fraud being perpetrated, but on the contrary showed a county attorney carefully trying to assist petitioner, but more than that was required. We continued:

"While the burden of proof is always on the petitioner we find that on this particular record he must prevail due to the failure of the court to carefully set forth in the record each procedural step required by our law."

So it is here, the record does not disclose the procedural steps required to be followed as discussed in Biebinger.

In view of our disposition of this matter, hereafter stated, there appears to be little reason to enter upon an ex-

tended discussion of the other contentions of the petitioner here, other than to state his second contention appears to be without merit; the third contention has been thoroughly covered by our opinion in Kuhl v. District Court, 139 Mont. 536, 366 P.2d 347, and what is there stated should be observed in further proceedings in this matter. As to the fourth contention regarding the provisions of section 94-7831, R.C.M. 1947, should occasion arise in future proceedings in this matter, compliance with this statute should be noted in the record.

In view of what we have heretofore stated the commitment in this case of State of Montana v. Richard Charles Morsette is annulled, vacated and set aside; the plea of guilty entered in said cause is withdrawn; and a writ of habeas corpus will be issued in this matter unless, within ten days from the date of this opinion, the district court of the First Judicial District of the State of Montana, in and for the county of Lewis and Clark, shall make and enter an order directing the Warden of the State Penitentiary to forthwith deliver Morsette to the Sheriff of Lewis and Clark County to be by him returned to Lewis and Clark County for further proceedings in said criminal action in accordance with the statutes in such case made and provided.

Since the petitioner was sentenced on November 3, 1961, a considerable period of time has elapsed and under the previous rulings of this court, if a conviction were to result upon a retrial, if one be had, no credit would need be given for the time already served. See State ex rel. Nelson v. Ellsworth, 141 Mont. 78, 375 P.2d 316. Because of the circumstances existing in this cause we suggest to the district court that should occasion arise for the imposition of a new sentence in this cause, that the provisions of section 95-2214 R.C.M. 1947, Montana Code of Criminal Procedure, be observed.

MR. JUSTICES HASWELL, ADAIR and JOHN CONWAY HARRISON, concur.

MR. JUSTICE CASTLES, dissents.